### HUGH LUCAS *v.* J. F. D'ARMOND et als.

Putting in default is a pre-requisite to the rescission of a real contract, but not to a simulated sale, which is not a real contract as to third persons prejudiced thereby.

Articles 1698 *et seq.* of the Code have no application to cases of mere simulation.  They refer only to the mode of avoiding a real contract in fraud of creditors—that is, to the revocatory action proper.

Article 1972 of the Code applies only to the revocatory action, and not to the action *en déclaration de simulation.*  It is where the contract is serious, though fraudulent, that the decree must avoid it only as to the complaining creditor, and subjects the property to the payment of the plaintiff's debt, unless the vendee chooses to satisfy it himself.  But where there is no contract the property may be declared to belong to the pretended vendor ; and if the vendor be dead, it should be inventoried as the property of his succession.

APPEAL from the District Court, Seventh District, Parish of East Feliciana, *Merrick*, J.  *Muse & Hardee* and *Bowman & Delee*, for plaintiff.  *Fuqua*, for defendants and appellants.

SPOFFORD, J.  This is an action *en déclaration de simulation.*

The plaintiff, a judgment creditor of *R. L. Bell*, deceased, averred that the latter, shortly before his death, made a simulated sale of the slave *Tom* and a town lot in Clinton, to the defendant, *D'Armond*, with a view to defeat the rights of his creditors ; that the transfer was unaccompanied by a tradition of the property, *Bell* remaining in possession thereof until his death ; that his

surviving widow and administratrix still continued in possession of said property, notwithstanding the pretended transfer to *D'Armond*, who accepted the nominal title to aid *Bell* in baffling his creditors; that *Mrs. Bell*, administratrix, refused to inventory the said property as a part of her late husband's succession, and that the property actually inventoried would not suffice to pay the privileged claims and the petitioner's judgment: wherefore he prayed that *D'Armond*, and *Mrs. Bell*, administratrix, be cited, and that after a hearing, it be decreed that the said pretended transfer be annulled, as a fradulent simulation, and the property be declared to belong to the succession of *R. L. Bell*, and as such liable to petitioner's judgment.

Both defendants pleaded a general denial.

A jury to whom the cause was submitted returned a general verdict in favor of the plaintiff.

The District Judge, instead of rendering a judgment conformable to the prayer of the petition, upon this verdict, decreed that unless the defendant, *D'Armond*, prefer to pay the plaintiff the amount of his judgment against *Bell*, within fifteen days, it be ordered, adjudged and decreed that the sale in question be set aside, annulled and avoided, as simulated and fraudulent, and the property therein described—viz., the town lot and the slave *Tom*, be seized and sold to satisfy the said judgment.

The defendants appealed; the plaintiff, answering the appeal, prays that the judgment be so amended as to conform to the prayer of his petition.

The defendant, *D'Armond*, has no reason to complain of the judgment.

The plaintiff has proven satisfactorily that he was and is a creditor of *Bell*. The bill of exceptions taken to a part of the evidence is untenable.

There was no necessity for putting *D'Armond in mora* to have the title he held declared simulated. The putting in default is a pre-requisite to the rescission of a real contract, and the authority quoted goes only to that extent. A simulated sale is no sale as to third persons prejudiced thereby.

The defendants misconceive the character of the present action when they cite the rules laid down in the Code relative to the action of the creditors in avoidance of contracts and its incidents. (C. C. 1695 *et seq.*) Those rules have no application to cases of mere simulation, as this is alleged to be. They refer only to the mode of avoiding a real contract in fraud of creditors—that is, to the revocatory action proper. *Erwin* v. *Bank of Kentucky*, 5 Ann., 4; 2 Zacharie, 341, note 2.

Here the allegations are, that there never was a serious sale from *Bell* to *D'Armond*; that the property never passed; that the slave and town lot still belong to the succession of *Bell*, and that *D'Armond's* pretended title is a fiction, a mere semblance interposed to shield the property from the pursuit of *Bell's* creditors, whose common pledge it is.

All that the plaintiff has to show to entitle him to sue is, that he has an interest in removing the mask from this property: this he has shown; all that he has to do to secure relief is to show that the pretended title of *D'Armond* is a mask: this he has shown to the satisfaction of the jury and the District Judge, as well as to ours. The motion for a new trial was properly overruled. No such diligence as the law demands was exhibited.

As the defendant also complains that the judgment does not conform to the prayer of the petition, we think the plaintiff is entitled to the amendment he prays for in this court. Article 1972 of the Code applies only to the revoca-

tory action, and not to the action *en déclaration de simulation*. It is when the contract is serious, though fraudulent, that the decree must avoid it only as to the complaining creditor, and subjects the property to the payment of the plaintiff's debt, unless the vendee chooses to satisfy it himself.

When there is no contract, the property may be declared to belong to the pretended vendor; in this case the vendor is dead, and his administratrix has refused to inventory the property in question as a part of his succession—which it really is.

It is therefore ordered, adjudged and decreed that the judgment of the district court be amended; that the act of sale passed before *J. C. White*, Parish Recorder of East Feliciana, on the 5th May, 1853, whereby *R. L. Bell* pretended to sell to the defendant, *T. F. D'Armond*, the slave *Tom* and a certain lot in the town of Clinton, be declared simulated, and therefore void; that the said property be declared still to belong to the succession of *R. L. Bell*, deceased; that it be inventoried as such by the defendant, *Mrs. Jane E. Bell*, administratrix, and duly administered for the benefit of the plaintiff and the other creditors of the said succession; and it is further ordered and decreed that the judgment of the District Court, as thus amended, be affirmed, with costs.