15  579
118  627

Mary G. Smith, Administratrix, v. F. E. Conrad, Widow, et al.

The true consideration of a contract may always be questioned by one who was not a party to it, and who has an interest in showing that the consideration expressed was not the true one; and if such third party offers one who was a party to the Act, to make such proof, the objection that this witness was a party, goes to his credibility, and not to the competency of his evidence.

A fund deposited by the principal debtor with one of two co-sureties, as collateral security, should enure to the benefit, proportionally, of the other co-surety.

In a suit to recover money paid in error, the plaintiff is entitled to five per cent. interest from judicial demand.

APPEAL from the District Court of the Parish of St. Mary, *Simon, J.*

*J. A. McClarty* and *J. W. Walker*, for plaintiff. *C. M. Conrad* and *T. H. Lewis*, for defendants and appellants.

Buchanan, J. This is an action to recover back money paid in error. *Smith* and *Harding*, both deceased, and whose estates are represented respectively by plaintiff and defendant, were co-sureties on the bond given by *B. R. Gantt*, as Receiver of Public Moneys, to the United States.

*Gantt* proved to be a defaulter, and judgment was entered up against him and his sureties, *Smith* and *Harding*, *in solido*, for the sum of $21,605 27, in the United States Court in New Orleans, in March, 1846. *Harding* afterwards paid this judgment, less a sum which was released by Act of Congress; and, after payment made, called upon the estate of his deceased co-surety, *Smith*, for contribution. He received from plaintiff, administratrix of *Smith*, on the 1st of March, 1856, seven thousand dollars in full of *Smith's* proportion (one-half) of the amount paid by him (*Harding*) to the Government.

The receipt of *Harding* to the administratrix reads as follows :

"Having sold a portion of the lands transferred to me by *Benjamin R. Gantt* for more than they cost me, and wishing that difference in the price to enure to the benefit of *B. R. Gantt*, I have consented to receive from the estate of *James Smith*, deceased, joint security with me on his bond as Receiver of Public Moneys, the sum of seven thousand dollars in lieu and stead of ten thousand one hundred and sixty-eight dollars and forty-one cents, amount paid by me for said *Smith*, joint security ; and acknowledge the same as received this day from *Mary G. Smith*, administratrix, in full satisfaction of all claims or demands against the estate of said *James Smith*, deceased."

The petition of plaintiff alleges, that at the time *Harding* called upon her for contribution, and received the amount above stated, he (*Harding*) was in possession of moneys paid him on account by *Gantt*, the principal in the bond, and lands conveyed to him by said *Gantt*, in the aggregate far exceeding the amount which was due the United States, and paid by *Harding* as one of *Gantt's* sureties ; that, consequently, the payment of $7000 was made by plaintiff in error, and she is entitled to restitution at the hands of *Harding's* widow and heirs, the defendants.

Plaintiff had judgment, and defendants appeal. The appellee joins in the appeal, asking that the judgment be amended, by allowing interest at the rate of eight per cent. from the 1st of March, 1856, instead of five per cent. from judicial demand.

The only question that the case presents is a bill of exceptions taken by defen-

dants to the admission of the evidence of *Benjamin R. Gantt* and *Elbert Gantt*, taken under commission. These depositions were offered to prove that the true consideration of a certain mortgage granted by *B. R. Gantt* to Harding, and of a certain sale by *Elbert Gantt* to the same, was the security of *Harding* against his liability as *B. R. Gantt's* surety on his bond of Receiver of Public Moneys, and not the consideration expressed on the face of those instruments, namely : money lent for the mortgage, and price paid in cash for the sale.

The admissibility of these depositions was objected to, 1st, because the witnesses could not be allowed to impeach or contradict the authentic acts, to which they were respectively parties ; 2d, because *B. R. Gantt* was interested ; 3d, because fraud or simulation had not been pleaded by plaintiff at the time the commissions issued to examine these witnesses.

I.   The true consideration of a contract may always be questioned by one who was not a party to it, and who has an interest in showing that the consideration expressed was not the true one; and if such third party offer one who was a party to the act to make such proof, the objection goes to the credibility of the witness, and not to his competency.

II.   *Benjamin R. Gantt* is not interested in the event of this suit.

III.   The original petition in the cause expressly charged the consideration of the mortgage of *B. R. Gantt*, and of the sale of *E. Gantt*, to have been, as enquired of in the interrogatories propounded to those witnesses ; although the *amended* petition, charging *simulation* in those instruments, was not indeed filed until long after the commission issued. But the evidence sought was responsive to the averments of the original pleas of plaintiff.

On the proof made, the plaintiff is entitled to relief. There is no doubt in our minds, that the lands conveyed by *Elbert Gantt* were intended by the parties to have been sold by *Harding*, as trustee, for *Benjamin Gantt*, subject to the extinguishment of *Harding's* liability as *Gantt's* surety. Not only is this directly proved by the two *Gantts*, but it is strongly corroborated by the very terms of *Harding's* receipt to plaintiff ; which deducts upwards of three thousand dollars from *Smith's* proportion of liability as profits on proceeds of sales already made, of the lands conveyed to him by *Benjamin R. Gantt*, and which, says the receipt, *I wish to enure to the benefit of B. R. Gantt.*

Another circumstance worthy of note is the price (about two dollars per acre,) nominally paid for these lands by *Harding*, which is proved to have been about one-fifth of their market value, or less, at that time, 1847. The value of those lands is proved to have increased greatly between the date of the receipt of *Harding* and the institution of this suit ; and large sales are proved to have been made.

The fund deposited by the principal debtor with one of two sureties, as collateral security, should enure to the benefit, proportionally, of the other cosurety.

As the defendant has refused to render an account of the avails of this trust fund, although called upon to do so, we think the proof justifies the conclusion that enough may have been realized out of the 2616 acres of land conveyed by *Elbert Gantt*, to cover the entire disbursements made by *Harding* in the premises. The rate and the term of interest have been correctly stated by the District Judge.

It is, therefore, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.