## No. 201.

### ALICE B. MCWILLIAMS vs. J. G. MCWILLIAMS.

In an action to annul a sale on the ground of lesion beyond *moiety* of property previously do nated by the seller to the vendee, the plaintiff puts himself out of court by alleging tha the price mentioned in the act, though one-eleventh of the value of the real estate at th time, was not paid, and by not alleging error, imposition or fraud on the part of the ven dee in withholding the amount.

In such cases, the parties must be left in the condition in which they voluntarily place themselves at the date of the last conveyance.

The transfer was not prohibited by law. The parties had a right to enter into the contrac by whatever name they may have designated it.

The act was translative of real estate, and has served as a vehicle to pass the title from th one to the other.

APPEAL from the First District Court, Parish of Caddo. *Taylor*, J.

*Leonard, Marks & Bruenn*, and *Land & Land*, for Plaintiff and Appellant.

*Alexander & Blanchard*, for Defendant and Appellee :

"The real cause and consideration of a written contract involving the transfer of immov able property may be shown by parol evidence, although it appear that the real consider ation was different from the one expressed in the contract." 32 Ann. 432.

"The true cause of a contract may be shown by any legal evidence, oral or written, and the evidence adduced for that purpose never can be considered as contradicting the act." 3 Ann. 230 ; 5 Ann. 741 ; 13 Ann. 25, 340 ; 15 Ann. 666 ; 26 Ann. 545 ; 33 Ann. 1033 ; 35 Ann. 560 ; 36 Ann. 549 ; 38 Ann. 736.

The plaintiff having attacked the authentic act by charging in her petition that one of its recitals, viz : The payment of the money which was acknowledged to have been paid in cash, was untrue, was thereby estopped from objecting to evidence going to show the true nature and consideration of the act. 22 Ann. 286 ; 39 Ann. 575.

In an action for the recision of a sale on the ground of *lesion* the evidence is not confined to the intrinsic value of the property, but is extended to the value of the plaintiff's pre tensions, the nature of his title, and the circumstances by which he is surrounded at the time of the sale, and all testimony, oral or written, on these points is admissible. 16 L. 380 ; 1 R. 125 ; 37 Ann. 22.

"The action of recision for *lesion* was intended for the protection of those who have been driven by their necessities, or have through weakness or improvidence, suffered a loss of land of more than half its value." 1 R. 125 ; 16 L. 380.

_esion, however enormous it may be, has no effect to invalidate the contracts of persons of full age and under no incapacity, except certain designated contracts, of which this is not. one.　37 Ann. 554; C. C. 1863, 2230.

The plaintiff did not allege or prove that she was either driven by her necessities to make the sale, or made it through weakness or improvidence.　Neither is it alleged or shown that her husband, who joined and authorized her in the act, was in necessitous circumstances, or was weak or improvident.　On the contrary, the petition itself conclusively shows that the sale was not made for the purpose of obtaining money, for it specially alleges that no portion of the purported consideration was ever paid.

The court is bound to give effect to the written contract of the parties by ascertaining what was their true intent.　A contract is not the less valid though the true cause or consideration be not expressed in the act itself.　C. C. 1894, 1900.

The plaintiff's own allegations and the evidence in this record, show, beyond the shadow of a doubt, that the instrument which bears upon its face the form of a sale, was simply a revocation of a donation by consent of both parties, or a reconveyance and return by the donee of property which had previously been donated to her by her father.

" It has been adopted as a general rule of law, that a sale without a price is a donation."　13 L. 382.

" Whether an act which is set up as a sale be good as such or not, yet it be clothed with all the formalities required by law to give force and effect to donations _intervivos_, it will be considered and held valid as a donation."　10 L. 85; 12 Ann. 529, 681; 15 Ann. 566.

A debt or obligation contracted or incurred during the existence of the community, for improvements made upon the separate property of the wife, is binding upon her.　29 Ann. 749; 34 Ann. 1163.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J.　This is an action to annul a sale of real estate by the plaintiff to the defendant on the ground of lesion beyond _moiety_, and to have herself decreed the owner of the property.

The defense is that the tranfer is valid and, if not, that the plaintiff should be condemned to pay for improvements on the land.

From an adverse judgment the plaintiff prosecutes this appeal.

It appears that on the 19th of July, 1883, the defendant, by notarial act, in consideration of natural love and affection, donated the property in question to the plaintiff, his daughter, and that she, on February 16, 1886, by a notarial act, on its face purporting to be a sale, transferred the same to him, apparently, for one thousand dollars.

It is claimed that the property was shown at that last date to be worth eleven times that sum ($11,000), and the contrary is not pretended.

The record contains as plaintiff's evidence the acts of donation and sale, the value of the property at the date of sale.　In it is found also testimony as regards the defendant in support of his claim for improvements.

The fundamental ground of the action is _lesion_, that is injury suffered in not receiving a full equivalent for the property.　This remedy

is founded on its being the effect of implied error or imposition. R. C. C. 1860.

The petition, however, sets forth the formal averment that the consideration of the sale *never was paid.*

It does not allege that the amount, in the *bona fide* intendment of the parties was to have been paid, or state any circumstance from which it can be inferred that the injury said to have been sustained is the result of any error or imposition. It does not even insinuate that on some fraudulent or unfair representation, on his part, the defendant has dishonestly withheld it.

In the face of the allegation of non-payment, and in the absence of any charge impugning the good faith of the defendant, it must be deduced that the price mentioned in the deed, never was contemplated to be paid, and that the form of sale was preferred and adopted, as the best usual mode or channel for the gratuitous transmission in view of the property by the original donee to her donor.

If, then, no price was designed to be paid, and the purpose of the transaction was simply a transfer of the property back to the latter, how can it be consistently pressed that injury was sustained to any extent, in consequence of the non-payment?

It is clear that, but for the allegation of non-payment, the plaintiff should have recovered in the absence of counter legal evidence; but it is apparent that by this judicial admission, the plaintiff has closed her mouth against any complaint of injury sustained, and thus irrevocably put herself out of court.

The maxim : *Restituitur tanquam læsus* fully applies.

The donation and the transfer of the property back must be considered under the light of, and together with, the averment in the petition.

Viewed as a whole, the plaintiff must be held, therefore, as having solemnly declared, in the most conclusive manner that she has, *without any consideration,* and in the form of a notarial act of sale, willfully, knowingly and gratuitously, conveyed to her father, the defendant, the property which he had some time previously donated to her.

She had a perfect right to do this, and having done it, she is concluded by her acts.

It is unnecessary to pass upon the nature and character of this conveyance, and say whether it be a donation, a cancellation or a revocation of the previous donation, or a retrocession, or any other act.

It is manifestly a title *translative* of real estate which has served as a vehicle to accomplish the purpose of the parties, as proved by their

deed, which was, to pass the property from the plaintiff's name to that of her father. *Stat mole.*

The district judge, in an elaborate and considerate opinion, has reached the conclusion that the plaintiff had no foundation to stand upon, and has left the parties in the condition in which they deliberately placed themselves on February 6, 1886.

We are not authorized to say that he has misconceived the facts and misapplied the law.

Judgment affirmed.

Justices Poche and Todd, not having heard the argument, take no part.