## No. 10,317.

### JOHN H. MOSSOP vs. HIS CREDITORS.

1. Prescription of one year is not applicable to actions in declaration of simulation.
2. A creditor may assail a simulation though not a creditor at the datio of the simulated act.
3. The consideration of a mortgage debt may be questioned by a third person having an interest, and he may make proof of simulation by parol evidence and by the testimony of a party to the act.
4. The law creates a presumption that a promissory note has an adequate consideration; but when there is a plea of want of consideration supported by the evidence throwing serious doubt upon it, the presumption may be rebutted and the payee may be required to prove consideration.
5. Evidence considered and conclusion of district judge sustained.

APPEAL from the Twenty-third District Court, Parish of West Baton Rouge.
    *Talbot,* J.

*Read & Goodale* for Appellee.

*Henry C. Miller* for Appellee.

*Alex. Hébert* for the Appellant.

The opinion of the Court was delivered by

FENNER, J. The controversy presented for our determination arises in proceedings for the distribution of the proceeds of sale of mortgaged property amongst the mortgage creditors. A junior mortgage creditor, Zuberbier & Behan, attacks a senior debt and mortgage executed in favor of N. W. Pope, Esq. (now deceased and represented by his administrator, C. J. Barrow), as simulated, void, and given without consideration.

The plea of prescription of one year opposed to this action is untenable. It is well settled that this prescription, provided for revocatory

actions, does not apply to the action in declaration of simulation.   H. D. Prescription III (c) (6) No. 9; H. D. Obligations, VII (b) (2) A. No. 1.

It is equally clear that in such an action brought by a third person it is not necessary that he should have been a creditor at the date of the simulated contract.   Such acts, in so far as they are simulated, vest no rights in any one, but only operate as shadows which any one interested may disregard and dissipate.

The evidence relied on by Zuberbier & Behan is that of Glennon, the party who made the notes and executed the mortgage to Pope.

His testimony was objected to on two grounds, viz:   1. That parol evidence cannot be · received to vary or contradict a written act; 2. That Glennon, being a party, could not contradict his own declarations in an authentic act.   Both objections fall under the direct authority of Smith vs. Conrad, 15 Ann. 579, where it was held that the true consideration of a contract (of mortgage) may be questioned by one who was not a party to it and who has an interest; and that such third person may make such proof by a party to the act, the objection that he was a party going to the credibility and not the admissibility of the testimony. See also:   Davis vs. Stern, 13 Ann. 177; Dickson vs. Ford, 38 Ann. 736.

Glennon has not the slightest interest in this controversy, or, if he has any, it would favor the maintenance of the Pope mortgage.   His evidence is simple, straightforward, and presents every *indicium* of truth and candor.   He states, in substance, that Pope had been his lawyer and that he was indebted to him for professional services in an amount not fixed, but which, he says, did not, possibly, exceed $500 or $1000; that being threatened with insolvency and breaking up by his creditors, Pope suggested that he should give him a mortgage to secure his fees, and that he should. make it for the sum of $3500, so that he (Pope) might get the excess and pay it over to Mrs. Glennon, and that the mortgage was accordingly executed with this understanding, that he was to give the difference between the fee and the amount of the mortgage to Mrs. Glennon.

The law creates a legal presumption of consideration for a promissory note; but this presumption may be rebutted; and though the mere plea of want of consideration may not alone suffice to throw the burden of proof upon the payee, yet when the plea is sustained by evidence throwing doubt upon it, the payee may be required to prove it.   Martin vs. Donovan, 15 Ann. 41; Wooster vs. Harrison, 9 Ann. 234; Clarke vs. Christine, 4 Rob. 196.

It is not even suggested that there was any other consideration for the mortgage except the professional fees due Pope as attorney.   The

records show no services rendered in judicial proceedings except in a suit brought, by executory process, against Glennon on a mortgage for $4000, which was enjoined by Glennon through Pope as his attorney, resulting in an adverse judgment dissolving the injunction, after slight litigation. Pope is shown to have rendered other advisory services, but it fully appears that the higher amount of $1000, fixed by Glennon will be a very liberal compensation for all services rendered. We think the district judge did not err in reducing the debt and mortgage to that amount.

The affirmance of the judgment on this point eliminates other controversies between the participating distributees, which would have arisen had the judgment been reversed.

Judgment affirmed.