(43 South. 255.)

No. 16,297.

SERE et al. v. DARBY et al.

(Feb. 18, 1907.)

1. NOTES—RECEIPT AND A PROMISE TO PAY.

Petition declares upon a written instrument which was made payable at the death of the obligor.

2. SAME—SIMULATION.

The defendants deny liability, and show that in so far as the document may seem to be a recognition of indebtedness it is simulated.

3. SAME—AGREEMENT DIFFERENT.

Defendants aver a different motive than indicated in the instrument, and aver that the consideration contemplated at the time of the execution of the instrument had completely failed.

4. PLEADING—PLAINTIFF'S REPLY.

The rejoinder of plaintiffs is that want of consideration urged, attacks the instrument be-

cause null ab initio, and that the plea of failure of consideration, attacks the instrument arising after the instrument had been executed and that one defense is incompatible with the other, i. e., failure excludes idea of want of consideration.

The court has not found it possible to arrive at that conclusion.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 189.]

5. EVIDENCE—PAROL.

The question is: Was parol testimony admissible? The court holds that it is under Act No. 71, p. 94, of 1884, and under the principle laid down by jurisprudence, which enables heirs to prove want of consideration by testimony which shows that no consideration passed, and that, in matter of the agreement which was the controlling purpose of the obligor, there was failure for consideration.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 1981–1989.]

(Syllabus by the Court.)

Appeal from Ninteenth Judicial District Court, Parish of Iberia; James Simon, Judge.

Action by Leon Sere and others against Paul Darby and others. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

Weeks & Weeks, for appellants. Burke & Burke, for appellees.

BREAUX, C. J. Plaintiffs brought this suit on a written obligation, dated April 12, 1880, signed by the late Mrs. St. 'M. Darby, acknowledging her indebtedness to the late Leon Sere, Sr. (father of the plaintiffs), in the sum of $4,000, which she promised to pay at her death.

The defendants are the heirs of the said Mrs. Darby.

Plaintiffs are the grandchildren of Mrs. Darby and children of Leon Sere and Constance Darby, daughter of Mrs. Darby, the asserted obligor.

Mrs. Darby died in 1905. Sere died some time prior.

Plaintiffs claim that the instrument which she signed in favor of the late Leon Sere is now due; she being dead. The instrument in question was also signed by Octave Darby

as a witness, who is her son and one of the defendants.

The defendants deny liability, and plead that a fraudulent simulation was committed in executing this instrument. They, setting forth their version of the facts, aver that years before the date that the present instrument, the one sued upon, was executed, a similar instrument had been executed by the late Mrs. Darby; that the last instrument, the one sued upon, is merely a reproduction of the first, which had been misplaced or destroyed in some way; that the only consideration that either instrument had grew out of an agreement of the late Leon Sere, Sr., with the late Mrs. Darby, his mother-in-law, in which she bound herself for the sum before mentioned, payable after her death to support her two unmarried daughters, Coralie and Louisa Darby; that, at the instance of Sere, Mrs. Darby did not set forth the true consideration of the instrument, but that it was understood, as before mentioned, that he would support the two daughters; and that upon his promise to carry out the verbal agreement she signed the paper, promise to pay, and delivered it to him.

The foregoing all relates to the first instrument. It having been lost, stolen, or destroyed, as before mentioned, another was signed in lieu of the first. It is this last instrument (the one sued upon) which Octave Darby signed as a witness.

Defendants insist that there was no consideration except the promise of Sere, Sr., as before stated.

Defendants aver further that one of the daughters died years before her mother, and that Sere never gave the least consideration for the instrument in question to Mrs. Darby.

The defendants further allege, in substance, that after Sere's death his widow, Mrs. Constance Sere, obtained possession of this instrument, knowing that it was without con-

sideration, and that, for that reason, in the settlement of her husband's succession she judicially declared that it had no value; that in the judicial declaration her children joined; that they accepted their respective shares from their mother in the succession of Leon Sere, Sr., their father, and treated the instrument as valueless for reasons before mentioned.

Defendants aver that plaintiffs are estopped by their said declaration. Defendants further declared, in their answer, that Mrs. Darby always denied liability, in writing and orally.

On the trial defendants offered to prove the allegations of their answer. Plaintiffs objected to the admissibility of the testimony offered on the ground that the purpose of defendants was to show that the $4,000 in question was not advanced by Sere to Mrs. Darby, although it is specially declared in the instrument that this amount was an advance made by him to her.

The further ground of objection on the part of plaintiffs in this connection was that the purpose of defendants was to prove that Sere had proposed and agreed that he would provide maintenance for the two daughters of Mrs. Darby; that it was an attempt to contradict a written instrument by parol. Plaintiffs further stated their grounds:

"It is only where an act is silent as to consideration, or in cases in which error, fraud, or ambiguity, or other similar good cause has been alleged in which third persons are interested, that such testimony was admissible;" that here those were not the points of defense made.

The judge of the district court sustained the objection, and excluded the greater part of defendant's testimony.

Judgment was rendered for plaintiffs, from which the defendants appealed.

Whether the parol evidence offered was admissible presents the important question for decision.

We think that it was admissible in evi-

dence. The following are our reasons: The instrument contains the words which we reproduce in the original to wit:

"Je reconnais devoir a mon gendre Leon Sere la somme de $4000 pour avances d'argent. * * *"

Third persons having an interest have the right to prove by parol want or failure of consideration.

The forced heirs are in the position of third persons.

Prior to Act No. 5, p. 12, of 1884, children, to the extent of their legitime, were not considered as heirs, but as creditors and third persons. Beyond this they were "ordinary heirs." This was changed and enlarged by the act cited. The act provides that:

"Forced heirs shall have the same right to annul absolutely and by parole evidence simulated contracts of those from whom they inherit, and shall not be restricted to their legitime."

Thus placing children on the same footing as third persons, as stated hereafter.

Here the contention on the part of the children is that the acknowledgment has no consideration; that their mother signed it to carry out a particular purpose, which is not mentioned in the instrument; furthermore, that it was a fraudulent simulation.

Upon these different grounds the defendants were entitled to any legal evidence to establish their allegations. Generally parol evidence cannot be admitted against or beyond that which is contained in a written document. But there are exceptions to this general rule. As, for instance, if an instrument is a mere fraud or scheme adopted to create an indebtedness against an estate.

We agree with the proposition that ordinarily the exception before alluded to is limited to acts in which consideration is expressed, or in which there is error or fraud or ambiguity in which third persons have an interest. The case here falls within the exception.

We have seen that the defendants are third persons, and from that point of view their testimony is admissible.

The law which authorizes parties to resort to testimonial proofs of simulation is an exception of the law which protects acts against parol evidence, and for that reason decisions relating to the general rule regarding written contracts are not here applicable.

In a decision upon the same subject-matter this court held that all a third person "had to do to secure relief was to show that the pretended title was a mask." Lucas v. D'Armond, 11 La. Ann. 169.

Whilst these exceptions to the general rule regarding written instruments should be strictly construed, and heirs should not be permitted lightly to interfere with an indebtedness asserted in writing by their father or mother, yet under the law a fraudulent simulation can be proven if it be true that the act is of that character. This can best be determined after the whole admissible testimony will have been admitted.

If Mrs. Darby was not indebted to Leon Sere, and in reality never intended to become indebted except for the purpose mentioned, it is a fact which can be shown in defense.

The only issue here after all is whether Leon Sere did become the creditor of Mrs. Darby as evidenced by the instrument.

The contention of the defendants that the instrument represents a purpose not expressed in it does not raise a serious issue as relates to liability. All the parties are dead, and Sere never rendered the least services. The testimony is admissible, if it explains the circumstances under which the instrument was made.

The statement of the defense that the purpose was other than expressed in the instrument does not prevent them from proving that the instrument is entirely without consideration, if it be a fact.

We are referred by learned counsel for

plaintiffs to Davies v. Bierce, 114 La. 675, 38 South. 488, as stating a principle applicable to the case.

This decision had the general rule regarding the admissibility of testimonial proof under consideration, and not the exception which arises where forced heirs or other persons considered as third persons under Act No. 5, p. 12, of 1884, seek to set aside an act as a fraudulent simulation.

If the instrument here was a fraudulent simulation, and if it had no consideration whatever, the heirs were prejudiced by it.

The purpose of the law of 1884, before cited, relative to forced heirs, was to confer upon them the right of proving all facts pertinent in an issue of simulation. Even though a consideration is expressed, parol evidence is admissible to show that the expressed consideration did not exist, if the transaction be tainted with fraud and simulation.

They may also prove error.

This is the extent of our decision. We decline to go further and pass upon other issues in the present situation of the case. Each of the parties, the plaintiffs on the one hand, and the defendants on the other, should have the opportunity of meeting the issues as relates to facts from the standpoint of this decision.

The written declarations of Mrs. Darby of a subsequent date were admissible, and testimony, written or verbal, which goes to corroborate these written declarations. The admissible testimony of those witnesses should also be heard, including that of Octave Darby, whose testimony we have seen was excluded.

It has been decided by this court that, where there is simulation, the party may be heard as a witness. The fact that he was a party to the simulation only affects his credibility. Mossop v. Creditors, 41 La. Ann. 297, 6 South. 134.

In our opinion the defense can prove want of consideration by parol, and follow this with proof that the agreement was different from that which is expressed in the written recognition of indebtedness.

This testimony is admissible under the cited statute. It is also admissible under jurisprudence which recognizes the right in the heir or other persons interested to prove that there was no consideration at all for the receipt or acknowledgment of indebtedness claimed, particularly where the ancestor from whom all the interested parties inherited declared in a subsequent instrument that it has no consideration.

We insert the following from Brown v. Brown, 30 La. Ann. 969:

"The plaintiff's objection that defendant could not prove what was the real consideration of the transfer, that the act declared the consideration to be cash, and that it was not competent to show that it was notes of the vendor is not well taken. C. C. 1900. If the cause expressed in the contract should be one that does not exist, yet the contract cannot be invalidated if the party can show the existence of a true and sufficient consideration. When a contract, therefore, is attacked on the ground that the expressed consideration does not exist, or that there was no consideration for it, the party may show other consideration than that expressed in the contract. The court below improperly sustained said objection, and we have given effect to said evidence, which is in the record."

See, also, Jackson v. Miller, 32 La. Ann. 434.

See, also, Pickersgill v. Brown, 7 La. Ann. 309, in which it was held that the real consideration may be shown though contrary to recital.

The following decisions are also pertinent to the issues, in which it was decided that the vera bona may be shown by legal evidence, oral or written, and is not considered inadmissible though it may contradict the act. We will add that this is true under the facts of this case in which the forced heirs depend. Delabigarre v. Second Municipality of New Orleans, 3 La. Ann. 235; Davies v.

Bierce, 114 La. 674, 38 South. 488. See, also, 9 Cyc. 368; 17 Cyc. 684.

The instrument was in its nature a receipt and a promise to pay. It is not of higher dignity than a note, as to which it has been decided.

Where simulation is alleged, a person to a note may be heard to prove the fact. Mossop v. His Creditors, 41 La. Ann. 297, 6 South. 134; Smith v. Conrad, 15 La. Ann. 579; Dickson v. Ford, 38 La. Ann. 736.

If a person is a party to the act assailed, his credibility may be greatly shaken thereby. None the less the witness should be heard.

A few words relative to simulation before closing our opinion. The following is as favorable a definition to plaintiff's contention as any to be found in the books (Black's Law Dictionary):

"In French law. Collusion; a fraudulent arrangement between two or more persons to give a false or deceptive appearance to a transaction in which they engage."

From this definition, plaintiffs can gather no comfort. It is far from conveying the idea that oral testimony may not be admissible.

It is therefore ordered, adjudged, and decreed that the judgment appealed from is avoided, annulled, and reversed. It is further ordered, adjudged, and decreed that the case be remanded to be proceeded with in accordance to law and the views before expressed. The cost of appeal to be paid by appellee, and the cost of the district court to abide final decision of the case.