No. 2401

Second Circuit

SUSIE M. BARNES v. W. J. McCARTNEY

(December 10, 1925, Opinion and Decree.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Sales—Par. 15.**

Under Articles 1893, 1896, 2439 and 2464 of of the Civil Code a sale, in order to be valid must have a consideration which is a price fixed and determined by the parties.

2. **Louisiana Digest—Sales—Par. 15, 39.**

Under Article 1900 of the Civil Code if the cause expressed in the consideration of a contract of sale does not exist the contract must necessarily be invalid unless true and sufficient consideration can be proven.

3. **Louisiana Digest—Sales—Par. 15, 17, 39.**

The sale of land for consideration expressed in the deed as $500.00 is invalid for want of consideration if proof is given without objection ~~that no~~ money actually passed between the parties, that the $500.00 in fact represented an automobile against which there was a chattel mortgage, and the equity which the purchasers of the real estate had in the automobile which he gave as the purchase price, was practically nothing.

Appeal from Fifth Judicial District Court of Louisiana, Parish of Franklin, Hon. John R. McIntosh, Judge.

This is a suit brought by a married woman to have an act of sale of real estate declared null and void for the reason that it was made without a consideration. There was judgment for the plaintiff and defendant appealed.

Judgment affirmed.

E. B. Moore, of Winnsboro, attorney for plaintiff, appellant.

T. V. Berry, of Winnsboro, attorney for defendant, appellee.

ODOM, J.   Plaintiff is a married woman, the wife of J. L. Barnes, who joins her in this suit to authorize her. She is one of the six children of J. R. Chapman, deceased, and his wife, Mrs. Alice Chapman, now living.

At the time of the death of J. R. Chapman, plaintiff's father, he owned in community with his said wife the South half of Southwest quarter of Section 34, Township 16 North, Range 9 East, containing eighty acres.

As one of the six children of said J. R. Chapman, plaintiff inherited an undivided one-sixth of his undivided half of said land.

On May 8, 1920, plaintiff sold to defendant by notarial act—

"All of her rights, titles and interest, that she acquired in and to the S½ of the SW¼ of Section 34, Township 16 North, Range 9 East, in Franklin parish, Louisiana, and all future rights that she may acquire in the future by inheritance from her mother Alice M. Chapman in the above described property."

The consideration being stipulated as follows:

"This sale is made for and in consideration of the sum of five hundred and no/100 dollars, cash in hand paid, the receipt of which is hereby acknowledged."

On September 3, 1924, she filed this suit to set aside said sale and to have said deed declared null and void and of no effect as to her and to be decreed to be the owner of an undivided one-sixth interest in the land described therein; and set up as ground for the voidance of said sale that it was made without consideration

" * * * that no consideration ever passed from the said Wylie J. McCartney to your petitioner;"

that the alleged consideration in said act was never passed; and that she was induced to make said sale through the mar-

ital coercion and persuasion of her husband, J. M. Barnes, and that the real consideration of said act of sale was a debt due by her said husband to the purchaser, W. J. McCartney; and, further, that the sale of the portion of land which belonged to her mother, then living, was void because made in contravention of a prohibitory law.

Defendant, in answer, denied that plaintiff was induced to make the sale by marital coercion, denied that the real consideration was a debt due by plaintiff's husband, but, in section 21 of his answer set out the real facts and conditions to be as follow's:

"At some time during the fall of the year of 1919, the said J. L. Barnes, husband of the plaintiff herein, bargained, sold and delivered unto your respondent, one certain Chevrolet automobile for the price and sum of eight hundred and twenty-five and 00-100 dollars ($825.00) which said sum was by agreement and mutual consent of the parties to said sale, paid by the transfer and delivery from respondent unto the said J. L. Barnes of two horses, one wagon, one set of harness, and a certain crop of cotton and corn, then in the field, there being approximately two bales of cotton and a quantity of corn, the exact amount of which is unknown to your respondent; that your respondent accepted the delivery of the automobile and the said J. L. Barnes accepted the hereinabove described property in lieu of the price agreed upon; that during the late spring of 1920, it developed and came to the knowledge of your respondent during the month of May, 1920, that the original purchase price of said automobile had never been fully paid by said J. L. Barnes; that on or about the day before the execution of the sale of the land from the plaintiff to respondent, the plaintiff together with her said husband came to the home of respondent and the plaintiff, without in any way or manner being unduly influenced, proposed freely, voluntarily, and at her own instance and suggestion to purchase the said automobile from your respondent and to execute a good and valid deed to her present and future anticipated interest in the property belonging to the estate J. R. and Mrs. Alice M. Chapman, unto your respondent as a consideration for the sale to her of said automobile * * *."

There was judgment in the district court in favor of plaintiff, decreeing the act of sale "absolutely void ab initio" and decreeing her to be the owner of the interest in the land described in the deed.

From this judgment defendant has appealed.

OPINION.

Plaintiff especially alleged that the sale made by her to defendant is null and void because there was no consideration therefor; and if that allegation be true the sale must be set aside.

Article 1893 of the Civil Code provides:

"An obligation without a cause, or with a false unlawful cause, can have no effect."

The "cause" of a contract is the consideration or motive for making it. C. C. 1896:

"The contract of sale is an agreement by which one gives a thing for a price in money, and the other gives the price in order to have the thing itself.

"Three circumstances concur to the perfection of the contract, to-wit:  the thing sold, the price and the consent." C. C. 2439.

"The price of the sale must be certain, that is to say, fixed and determined by the parties." C. C. 2464.

The deed which plaintiff signed recites the the consideration for the sale was the sum of $500.00 paid in cash; but testimony, which was admitted without objection, and, indeed the answer of the defendant, shows that the recital to that effect is fiction pure and simple.  The testimony also shows that there was never any price fixed and agreed upon by the parties; and it shows, further, that there was never a dollar in current money paid by the purchaser and never intended that any should be paid.

This being true, the sale must necessarily fall unless the vendee can show the exist-

ence of a true and sufficient consideration therefor.

Article 1900 of the Civil Code reads as follows:

"If the cause expressed in the consideration should be one that does not exist, yet the contract cannot be invalidated, if the party can show the existence of a true and sufficient consideration."

In the case of Brown, administrator vs. Brown, 30 La. Ann. 966, the court said:

"When a contract, therefore, is attacked on the ground that the expressed consideration does not exist, or that there was no consideration for it, the party may show other consideration than that expressed in the contract."

See also, to the same effect:

Landry vs. Landry, 40 La. Ann. 229, 3 South. 728.

Sere vs. Darby, 118 La. 619, 43 South. 255.

Defendant does not attempt to sustain the sale to him on the ground that the consideration recited in the deed was ever agreed upon or paid, but he alleges in answer and testifies that the real consideration which he gave for the plaintiff's interest in the land described in the deed was one Chevrolet automobile the value of which at the time of the sale not being fixed by him or any one else.

When a sale of property is attacked by the vendor on the ground that the purported consideration was not paid and the vendee attempts to sustain it on the ground that there existed a true and sufficient consideration therefor, the burden is upon him to show that. Unless he discharges that burden, the sale must fall.

The facts in this case are that in the latter part of September, 1919, J. L. Barnes, the husband of plaintiff, purchased a Chevrolet auotomobile from May & Co. of Delhi, Louisiana, on terms of credit. Just what the price of the car was or how much he paid in cash is not shown. But the plaintiff testified, without objection. that he did not pay all cash and the defendants, in answer, alleged

"that during the late spring of 1920 it developed and came to the knowledge of your respondent during the month of May, 1920, that the original purchase price of said automobile had never been fully paid by the said J. L. Barnes * * * ".

Plaintiff testified, without objection, that her husband executed a mortgage on said car to secure the balance of the purchase price.

In the latter part of October, 1919, only a few days after J. L. Barnes had purchased the car and executed a mortgage thereon, to secure the balance of the purchase price, he transferred the car in exchange to defendant for a lot of personal property. Subsequent to the transfer of the car to defendant, J. L. Barnes, plaintiff and his wife went to Texas, his wife staying but a short time when she came back to Louisiana, presumably leaving her husband in Texas. He did not come back to Louisiana until on the Thursday before Mrs. Barnes sold her property to defendant on Saturday, May 8, 1920. Just why he went to Texas and why he remained there is not definitely stated, but the plaintiff testified that her husband was on "scout" and this testimony, together with the fact that his first appearance in Louisiana was at the residence of defendant, who is his brother-in-law, before daylight, and the further fact that he did not accompany his wife and defendant to Winnfield when they went to make the sale but instead wrote a note to the Notary that his wife wanted to sell her property to defendant, causes us to reach the conclusion that there was some reason why he did not want to make a public appearance at the parish seat at that time; and in view of the penalty prescribed in the chattel mortgage law for disposing of a chattel under mort-

gage without the consent of the mortgagee, we may well imagine what his reason was.

Immediately upon his arrival in Louisiana negotiations for the sale or rather exchange of the land for the automobile were begun, which negotiations were finally consummated on Saturday, May 8, 1920. So that instead of defendant paying the consideration for the land recited in the deed he really gave this Chevrolet car burdened with a chattel mortgage which plaintiff's husband had executed to secure the balance of the purchase price therefor.

The testimony further shows that the car in question remained in the premises of defendant and that on Monday morning after the sale on Saturday, May & Company, who had sold it to plaintiff's husband and retained a mortgage thereon, went to defendant's residence, took possession of the car without any legal formalities, carried it to Delhi and kept it.

The purchase price of the car not having been paid and it being burdened with a chattel mortgage, defendant did not own and could not have owned more than a bare equity in it and could transfer no more to the plaintiff; and from the fact that it was surrendered to the holder of the chattel mortgage without protest shows that the parties realized that his equity therein amounted to very little if anything at all.

His equity therein being worthless, it follows therefore that he gave plaintiff nothing in exchange for her land.

But even if it be contended that defendant's equity in the car was of any value, it is not shown what that value was, and in view of the circumstances the burden was on him to show that he gave an adequate consideration for plaintiff's interest in the land. He has utterly failed to discharge that burden. The testimony establishes to our satisfaction that defendant knew at the time the sale was made that the purchase price of the car had never been paid and that May & Company, holders of the chattel mortgage, intended to pursue the property in order to collect the debt. He says that he received a letter from them demanding payment of the debt. This was before the transfer of the automobile to plaintiff. He says, however, that plaintiff's husband wrote him from Texas that he had sent a check to cover the indebtedness and that Mrs. Barnes told his wife that the debt was paid.

That was only hearsay, and in view of the fact that May & Company had written him that there was a balance due he should have investigated further. He knew, we think, that his equity in the car amounted to nothing and that the holders of the chattel mortgage would take steps to repossess it.

We hold therefore that this sale by plaintiff to defendant was in reality without any consideration whatever. There being no consideration for the sale, it must fall.

Having reached this conclusion, it is needless to discuss the other points raised by plaintiff.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed; defendant to pay all costs.