## NOFSINGER et al. v. HINCHEE et al.
### No. 2188.

Court of Appeal of Louisiana. First Circuit.
Jan. 14, 1941.

N. Curtis Petitjean, of Rayne, and Bruner & Chambers, of Crowley, for appellants.

Edwin F. Gayle, of Lake Charles, for appellees.

DORE, Judge.

By this suit, plaintiffs, Clarence W. Nofsinger and Goldie Mae Nofsinger, brother and sister, seek to set aside, for the reason of fraud, error and mistake and want of consideration, a deed executed by them on Sept. 7, 1938, to defendant, Mrs. Irene Nofsinger Hinchee, wherein they conveyed to the said defendant their undivided one-half interest in 121.55 acres of land situated in the Parish of Jefferson Davis for a recited consideration of $1,000 cash and other good and valuable consideration. The deed recites that the defendant purchased the said property with her separate and paraphernal funds under her separate administration, and that the property so purchased is to remain her separate property. Her husband, the other defendant, joined her in the deed.

The 121.55 acres of land in contest is the east half of a farm formerly owned by the father and mother of the plaintiffs. The father died in 1924; the two plaintiffs, as his sole and only heirs, and their mother

as surviving spouse were sent into possession of the farm, in the proportion of ¼ to each of the plaintiffs, subject to the usufruct of the mother, and the mother in the proportion of ½ in her own right, and as usufructuary of the other half. The mother died in August, 1938, leaving a will in which, treating the farm and other properties outside of the state as her own in full ownership, she bequeathed to the plaintiffs, her sole heirs, certain property in Nebraska, the tract bequeathed to each being fully described in her will; she bequeathed to Goldie Mae, one of the plaintiffs, the west half of "my farm" located in the southwest quarter and the west half of the southeast quarter of Section 5 in Township 9 South, Range 4 West, in Jefferson Davis Parish, with all the buildings and improvements thereon. She bequeathed the east half of "my said above farm" to her niece, Mrs. D. F. Hinchee, the defendant herein, and her two boys, Raymond and Alvin Hinchee. In the will she appointed Goldie Mae as executrix without bond.

The will was duly probated on September 1st, 1938. As the named executrix declined to act, the two plaintiffs and the defendant, Mrs. Hinchee, all legatees under the will, in a joint petition, asked that the latter be appointed as dative executrix. Mrs. Hinchee was appointed and qualified as dative executrix in due course.

On Sept. 7, 1938, the same day that the above joint petition was filed, the deed above referred to from plaintiffs to defendant was executed before and in the office of Mr. J. H. Heinen, a notary public and the attorney who was handling the succession proceedings apparently for all interested parties. On that same day, another deed, before the same notary, was executed by Goldie Mae Nofsinger to Clarence W. Nofsinger wherein the former transferred to the latter an undivided quarter interest in the west half of this farm; however, this deed was never recorded but was later returned to plaintiffs through their attorney and is marked "cancelled."

The deed from plaintiffs to the defendant was not recorded until March 27, 1939, after the succession proceedings had been closed.

The plaintiffs, in their petition, attack this deed on the ground that they signed the same through mistake and error and through fraud practiced upon them. They aver that they were in the office of the notary and attorney on Sept. 7, 1938, to discuss matters relating to the succession of their deceased mother and that they signed some papers which they thought had relation to the succession; that the deed was not read or its contents explained to them; that neither of them had an opportunity to read the deed, and that no one was present, except the notary-attorney, when they signed the same; that no price or consideration was ever paid; that they did not discover that they had signed the deed until several days thereafter.

The defendants filed an exception of no cause or right of action and a plea of estoppel. There is nothing to show any disposition of the exception and plea; however, as defendants filed their answer, apparently they were overruled. The defendants do not urge these pleas in this court; hence they are presumed to be abandoned.

The defendants, in their answer, deny that any fraud was practiced on the plaintiffs. They aver that the deed was regular in form, executed before a notary and two witnesses; that, after a full and complete discussion of the matter between the interested parties, the plaintiffs were fully aware of the contents and nature of the deed and the reasons for its execution. They further aver that plaintiffs and their mother thought that the mother owned the entire farm in full ownership rather than an undivided half interest therein: that the mother desired the defendant and her two children to have the entire east half of the farm, and consequently it was the desire of the plaintiffs to see that their mother's wishes were carried out in full; that it was suggested to them that the most simple way in which this could be done was for them to transfer their undivided half interest in the east half of the farm to defendant, to which they agreed; thereupon, the deed was drawn and executed. The defendants admit that the consideration mentioned in the deed was never paid or ever intended to be paid; the defendants aver that the real consideration of the deed was the loss that the defendant and her two children stood to lose if Mrs. Hinchee had not acquired plaintiffs' undivided half of the farm as was the intention and desire of their mother as evidenced in her will. Defendants further aver that if the consideration is held not to be sufficient, then and in that event, defendants aver that the transfer is good as a donation.

The trial judge rejected the demands of the plaintiffs and they have appealed.

Since the appeal, Goldie Mae Nofsinger died and the other plaintiff was recognized as her sole heir and sent in possession of her estate, and has been substituted as plaintiff-appellant in her place and stead.

The plaintiffs both testified in line of the allegations of their petition as to their signing the deed. They claim that the deed was never discussed, or read or explained to them; that they were led to believe that the papers which they signed had reference only to some successional proceedings; that no witnesses nor defendants were present at the time of their signing; that they had no idea or thought of either selling or donating any interest which they had in this land to the defendant.

The notary-attorney who prepared the two deeds and who handled the succession proceedings testified very positively that the entire matter was fully explained to the plaintiffs before the deeds were prepared and drawn; that is, the fact that their mother owned only an undivided one-half interest in the east half of the farm, they owning the other half; that it would be necessary for them to convey their half interest to defendant if they desired to carry out their mother's wishes and intention as revealed by the will; that plaintiffs expressed their desire and willingness to fully carry out the wishes of their mother and instructed him to prepare the necessary documents to accomplish this purpose, which he did. He testified that all of the parties signed the act before him and the two witnesses after he had read and explained the deeds to the plaintiffs in detail. The defendants corroborate the notary in all the main parts of his testimony; one of the witnesses supports him in some respect, while the other witness does not remember any of the details but only recognized her signature. While the two witnesses signed the act, the fact remains that they did not know much about the contents of the deed or the nature of the transaction.

■ On the whole and in view of the positive testimony of the notary-attorney who appears to be reputable, we cannot say that any fraud, mistake or error has been committed. We can hardly believe that these transfers were never discussed with plaintiffs, as we do not see the advantage to the defendant in the transfer deed from Goldie Mae to her brother of an undivided one-fourth interest in the west half of the farm and which deed was executed at the same time and under the same circumstances as the deed in contest. Yet plaintiffs deny any knowledge of all this until two or three months thereafter when they had an attorney to look into the whole matter. We are of the opinion that the plaintiffs became dissatisfied with other matters which caused them to change their mind about the giving of their half interest in the east half of the farm to defendant.

In a well reasoned written opinion, the trial judge found that the plaintiffs had failed to prove that they had signed the deed through error, mistake or fraud. The evidence is conflicting and the trial judge was in a better position to weigh and value it than we are. We cannot say that he has committed manifest error in his findings of fact on this point.

■■ The most serious ground for setting aside the sale is the want of consideration. The trial judge said on this point that the intention of the plaintiffs to carry out the desire of their deceased mother is a sufficient consideration to support the transfer even though it is admitted that the recited consideration of $1,000 was not paid and was never intended to be paid. Of course, if the consideration expressed in the deed was not paid, which is admitted, but if there was another sufficient consideration shown, the sale could not be set aside for want of consideration. C.C. arts. 1894, 1896 and 1900; Moore v. Pitre, 149 La. 910, 90 So. 252. However, it is our opinion that the mere wish of plaintiffs' mother for the defendant to have the east half of this farm cannot serve as a legal consideration for the transfer by the plaintiffs of the property which they owned.

■ The price is one of the three necessary ingredients of a sale. C.C. art. 2439. And the price should be definite and serious and not out of proportion to the thing sold. C.C. art. 2464. A sale that has no consideration, or a consideration that is not serious, is not a valid sale. See Barnes v. McCartney, 3 La.App. 145; Pulford v. Dimmick et al., 107 La. 403, 31 So. 879.

■ It is our opinion that the deed cannot stand as a sale for want of a consideration. However, as the act is in authentic form, it can stand as a donation. It is well recognized that an act in the form of a sale but invalid as such for the want of consideration, may be valid as a gratuitous donation if the act is authentic in form and if there is no obstacle between the parties to prevent the making of a donation. See

D'Orgenoy et al. v. Droz, 13 La. 382; McWilliams v. McWilliams, 39 La.Ann. 924, 3 So. 62, and Reinerth v. Rhody, 52 La. Ann. 2029, 28 So. 277.

We are of the opinion that the act, being in authentic form, is one of donation, there being nothing to prevent plaintiffs from making a donation of their interest in the property and which they intended to do in order to comply with what they understood to be the wish of their deceased mother.

For these reasons the judgment is affirmed.