GLADNEY, Judge.
Plaintiff herein instituted this action to rescind a purported sale of real estate and for an accounting. The trial court rendered judgment against the defendant, J. E. Melton, in the sum of $11,701 subject to a credit of $578.01 and it further rendered judgment declaring null and void a deed executed by plaintiff to defendant on April 13, 1967. From this judgment the defendant has appealed.
The involved facts are accurately stated by the trial court:
The plaintiff, Wright S. Melton, is 74 years of age, married but does not have any children. The defendant, J. E. Melton, is a nephew by marriage of plaintiff who was raised by plaintiff from the time he was seventeen months of age. On March 2, 1967 plaintiff suffered a severe heart attack as a result of which he was a patient in the Winnfield General Hospital for sixty-one days. During the early part of his hospitalization he was not expected to live. At the time plaintiff suffered his heart attack he had a checking account in the Bank of Winnfield and Trust Company which contained less than $1,000. On March 8, 1967 plaintiff signed a check payable to cash in the amount of $500 and turned this money over to his nephew, J. E. Melton, to pay his nurses.
*478 Also on March 8, 1967 plaintiff signed a “speed message” to Peoples Homestead Savings and Loan Association of Monroe requesting them to close his account and stating that he was sending his nephew, J. E. Melton, to transact the business for him. Plaintiff does not remember signing this speed message but his brother, Bill T. Melton, said that he saw him sign it, although he did not think plaintiff knew what he was doing. Defendant took this speed message to Monroe and received a check payable to Wright S. Melton in the amount of $11,700.01 which he deposited in First Federal Savings and Loan Association of Winnfield in defendant’s name and in a checking account in Winn State Bank, also in defendant’s name. None of the funds from this savings account were placed to the credit of Wright S. Melton.
On March 28, 1967 plaintiff executed a power of attorney in favor of J. E. Melton giving him full control over his property, which power of attorney was executed before Mrs. Lester Dickerson, a Notary Public in and for the Parish of Winn.
On April 13, 1967 plaintiff signed a deed to J. E. Melton conveying 100 acres of land together with his home for the stated consideration of $100 and other valuable considerations known to the parties.
Plaintiff denies signing any of these deeds or the check but did not offer any medical testimony to prove his incapacity nor did he call the Notaries Public or witnesses to the various instruments.
The defendant assigns error to the judgment of the trial court: first, in allowing plaintiff to amend its petition after the completion of the evidence and in granting a continuance to allow the amendment ; second, in finding defendant had not expended all except $5,000 of the monies entrusted to him; and third, in holding null and void the instrument dated April 13, 1967 purporting to convey 100 acres of land and plaintiff’s house to be a donation omni-um bonorum.
Upon examination of the supplementary pleadings we find the defendant was not taken by surprise nor prejudiced. The action of the court in allowing the amendments was proper and consistent with the provisions of the Louisiana Code of Civil Procedure, Articles 1155 and 1156.
The defendant testified that after withdrawing the money from the Peoples Homestead and Savings Association he ‘spent' all 'but $5,000 in paying the bills of Wright Melton and that the remaining $5,000 was given him to buy a boat camp. The court found, and we think correctly, that Wright Melton did not intend to give his nephew any money but merely authorized him to pay his special nurses and medical bills while he was in the hospital. In response to a subpoena duces tecum the defendant filed some bills and cancelled checks. The expenditures made by the defendant out of the funds of plaintiff evidenced by receipts or checks totalled only $578.11. The court was not impressed by his oral testimony and refused to accept it, citing Article 3004, Louisiana Civil Code:
“He is obliged to render an account of his management, unless this obligation has been expressly dispensed with in his favor.”
It was found that the defendant had converted these funds to his own use and they were no longer in the bank. Accordingly plaintiff was entitled to recover the sum of $11,121.90.
The final objection to the judgment urged by appellant is the holding of the district court that the transaction between Wright Melton and J. E. Melton which resulted in a deed dated April 13, 1967 was a donation omnium bonorum and was null and void because plaintiff was not left with sufficient income and deposits to maintain himself. The deed recited a consideration of $100 which defendant admitted was not paid, contending that the property was a gift to him from his uncle. *479 Evidence was produced which disclosed that the land had a value of $20,000 or more; that at the time of the execution of the deed Wright Melton had left from his estate a $600 checking account which produced no revenue, and in addition thereto a small social security check which was inadequate to properly provide for himself and his wife.
In sustaining the action to rescind, the district judge relied on Article 1497 of the Civil Code; Nofsinger v. Hinchee, La. App., 199 So. 597 (1st Cir. 1941); and Ducote v. Stark, La.App., 87 So.2d 770 (2nd Cir. 1956). Article 1497 provides that the donation inter vivos shall in no case divest the donor of all his property; he must reserve to himself enough for subsistence; and if he does not do it the donation is null for the whole. Nofsinger held that if an act in authentic form should be invalid for want of consideration it may be held valid as a gratuitous donation if in authentic form and if there is no obstacle between the parties to prevent the making of a donation. Ducote, a decision of this court, annulled a conveyance of property as being a donation omnium bonorum. In that case plaintiff conveyed four acres and kept seventeen acres. The donor’s only income was a small old age pension. The property did not produce a sufficient revenue for plaintiff’s subsistence. The donation was held null ab initio.
We are impressed by the record that Wright Melton had no intention of giving away his home and the 100 acres on which it stands, and that his signature to the deed was given without his voluntary consent. But regardless of whether or not the transaction is null for want of consent if it be considered a donation, as the defendant contends, the decision in Du-cote v. Stark, supra, is apposite.
We fully concur in the judgment from which the defendant has taken this appeal. Therefore it will be affirmed.
It is further ordered, adjudged and decreed that that certain deed executed by Wright S. Melton to J. E. Melton on April 13, 1967 and recorded on April 13, 1967 under Registry No.,71115 at Page 69, Book 106 of the Conveyance Records of Winn Parish, Louisiana, covering the following described property, to-wit:
Southwest Quarter of Southwest Quarter (SW of SW 54) Section Four (4) less and except the Northwest Quarter of the Southwest Quarter of Southwest Quarter (less the NW 54 of SW J4 of SW ;54) Section Four (4); Southeast Quarter of Southeast Quarter (SE 54 of SE 54) Section Five (5); East Half of Northeast Quarter of Southeast Quarter (E 54 of NE 54 of SE 54) Section Five (5) less and except the following parcels sold; \y2 acres to James P. Smith as shown by Conveyance Book “60” Folio 247 of the Conveyance Records of Winn Parish, Louisiana, lJio acres to Chapman Gas Company, Inc. as shown by Conveyance Book “95” Folio 187 of the Conveyance Records of Winn Parish, Louisiana; 1)4 acres to James W. Spikes as shown by Conveyance Book “97” Folio 259 of the Conveyance Records of Winn Parish, Louisiana, a lot or parcel to James H. Bolton and Edria L. Bolton as shown by Conveyance Book “105” Folio 325 of the Conveyance Records of Winn Parish, Louisiana, and 7.37 acres to James H. Bolton and Edria L. Bolton as shown by Conveyance Book “105” Folio 676-A of the Conveyance Records of Winn Parish, Louisiana, all situated in Township Ten (10) North Range Two (2) West, Winn Parish, Louisiana, together with all improvements situated thereon,
to be null and void.
There is further judgment ordering and directing the Clerk of Court and Ex-Of-ficio Recorder of Conveyances for the Parish of Winn, State of Louisiana, to cancel said purported act of conveyance from the records of his office.
Finally, there is judgment declaring petitioner, Wright S. Melton, to be the *480 true and lawful owner of the property described and all costs are assessed against defendant, J. E. Melton.
In all other respects the judgment is affirmed at defendant’s cost.