REDMANN, Judge.
Plaintiff vendor and defendant purchasers (plaintiff’s brother-in-law and sister) agree that the $14,000 cash price recited in the deed plaintiff seeks to rescind (for nonpayment of price) was not paid, and that the cash price that was to be paid was $6,000 (or $6,500).
Defendants tell, however, an inherently improbable, though not impossible, story: some time before the deed was signed by the parties at different times at the notary’s office, they borrowed $6,000 in cash from one Joseph Lloyd Kanner and paid that $6,000 in cash to plaintiff without getting a receipt. (Defendants no longer argue the parol evidence rule.)
The trial judge first declared that the burden of proof was on plaintiff, and that (as we understand the transcript) defendants would not bear the usual burden of proof of one alleging payment because defendants’ pleading was a general denial. “The question is whether or not [plaintiff] was ever paid,” the trial judge continued, “It is not clear .... [T]he testimony of the two [defendants] counteracts the testimony of [plaintiff] and thus the court holds that [plaintiff] has failed in his burden of proof :... ”
We rule that, once the purchasers conceded that the receipt in their deed was untrue and invalid (and that the deed did not reflect the true price) and that they did not pay any of the price at the time of the cash deed’s execution, it became the purchasers’ burden to show that they had, nevertheless, paid the price in fact agreed upon. La.C.C. 1900 provides:
If the cause expressed in the consideration should be one that does not exist, yet the contract cannot be invalidated, if the party can show the existence of a true and sufficient consideration.
That article is interpreted as obliging the party who seeks to sustain the sale to show *416 the existence of the true consideration; Barnes v. McCartney, La.App. 2 Cir., 1925, 3 La.App. 145. Thus it would be error to dismiss plaintiff’s suit because the evidence does not clearly establish whether or not payment was made. Perhaps the trial judge could have made a decision based on his credibility evaluation, but he did not do so. Indeed, he expressed doubt by indicating he would have found the evidence “conclusive if the defendants had Mr. Lloyd Kanner in court.”
We agree with the trial judge’s observation that Kanner’s testimony is extremely pertinent, and rather than simply reverse on the burden of proof issue, we therefore set aside and remand for the purpose of allowing the defendants (and plaintiff) to present that and any other evidence on payment of the price.
Set aside; remanded.