(78 South. 128)

No. 21131.

FORD v. PARSONS et al.

(Feb. 25, 1918.)

*(Syllabus by the Court.)*

1. EVIDENCE ⬡➝390(1) — PAROL EVIDENCE — PRESCRIPTION—STATUTE.

The rules of evidence excluding parol evidence to affect title to real estate, or to contradict or vary written acts, are statutory laws from which the courts are powerless to derogate. Rev. Civ. Code, arts. 2275 and 2276. To permit fraud, error, mistake, fraudum legis, possession as basis of prescription, etc., to be shown by parol, even in cases involving title to real estate, is not to derogate from these rules.

2. COUNTER LETTERS.

Counter letters can have no effect against creditors or bona fide purchasers; they are valid as to all others; but forced heirs shall have the same right to annul absolutely and by parol evidence the simulated contracts of those from whom they inherit, and shall not be restricted to the legitime.

*(Additional Syllabus by Editorial Staff.)*

3. CONTRACTS ⬡➝33—FORM.

Parties may put their agreements into whatever form they determine.

4. MORTGAGES ⬡➝42—FORM—SALE.

A contract of security may be in the form of a sale.

5. EVIDENCE ⬡➝429—PAROL EVIDENCE—CONTRACTS.

Where defendants in a petitory action acquired title by acts of sale by the forced heirs of plaintiff's deceased husband containing the usual warranty clauses, the forced heirs had the right to annul absolutely by parol evidence the simulated contracts of their father.

Appeal from Twelfth Judicial District Court, Parish of De Soto; John H. Boone, Judge.

Petitory action by Mrs. Gracie Ford against J. W. Parsons and others. Judgment for plaintiff, and defendants appeal. Judgment reversed, and judgment rendered for defendants, dismissing suit.

Elam & Lee and J. W. Parsons, all of Mansfield, for appellants. Liverman & Pollock, of Mansfield, for appellee.

SOMMERVILLE, J. Mrs. Gracie Ford, as the widow in community of Badger Ford, brings this petitory action against defendants, asking that she be declared to be the owner and be sent into possession of one-half of the S. E. ¼ of section 26, township 14 N., of range 12 W., Louisiana meridian, containing 160 acres.

Plaintiff sets forth her chain of title as follows: (a) Badger Ford acquired from Frierson Bros., for $160, on credit, by authentic act, October 21, 1895, during the existence of the community between him and plaintiff. (b) Frierson Bros. acquired from

Badger Ford, for $160 cash, by a separate authentic act, on the same day, before the same notary and witnesses. (c) Badger Ford acquired from the government of the United States, as a homestead, final certificate, February 6, 1895, prior to the marriage of plaintiff and Badger Ford, and patent issued June 17, 1895, after the marriage.

Plaintiff, in open court, abandoned her claim under the patent issued by the government, as the final certificate had been issued for the land to Badger Ford prior to their marriage, under the law as declared in Spokane Falls Ry. Co. v. Ziegler, 167 U. S. 73, 17 Sup. Ct. 728, 42 L. Ed. 79, and Wadkins v. Producers' Oil Co., 227 U. S. 368, 33 Sup. Ct. 380, 57 L. Ed. 551. See, also, Barney v. Dolph, 97 U. S. 652, 24 L. Ed. 1063; Simmons v. Wagner, 101 U. S. 260, 25 L. Ed. ,910; United States v. Detroit Lbr. Co., 200 U. S. 335, 26 Sup. Ct. 282, 50 L. Ed. 499.

Defendants, answering, set forth their chain of title to the whole property as follows: (a) Rosa Caldwell and Luda Riggs from J. W. Parsons, February 8, 1913, with reservation by Parsons of all minerals and mineral rights; (b) J. W. Parsons from Altonia Ford Gregory, daughter of Badger Ford, March 26, 1910, and July 26, 1912; (c) tax sale of one-half of the property, May 27, 1911, for tax of 1910, assessed in the name of the estate of Badger Ford; (d) by Badger Ford, by patent, from the government.

Defendants further answered that:

"Badger Ford acquired the property before his marriage to plaintiff from the United States government, and that the alleged sale from Badger Ford to Frierson Bros. and the retransfer on the same day by Frierson Bros. to Badger Ford, of date October 21, 1895, were never intended as sales to convey title and ownership, but as a mortgage, and were so treated by the parties thereto; that Badger Ford was always in possession of the property, never delivered possession to Frierson Bros., and that Badger Ford and Frierson Bros. were in error as to the nature of the contract in signing said alleged contracts of sale, which error is herewith specially pleaded."

Defendants further set up that the sales of October 21, 1895, were fraudulent.

There was judgment for plaintiff, and defendants have appealed.

Defendants placed L. S. Frierson, formerly a member of the firm of Frierson Bros., on the witness stand, and asked him: "What was the intention of the parties (Badger Ford and Frierson Bros.) in making these transfers?" (referring to the two sales of real property on October 21, 1895). Objection was made to the introduction of the testimony sought to have been elicited from the witness, on the grounds that the instruments were the best evidence of their contents, that they were in writing, that they stated the intentions of the parties thereto, that the testimony of a third party is inadmissible to show that the act of sale was intended as an act of mortgage, and that parol evidence cannot be introduced to vary, alter, or contradict the written deeds.

The objections to the evidence were sustained.

Defendants excepted to the ruling, reserved a bill of exceptions, and obtained permission to take the testimony of the witness, and they have attached the testimony to the bill.

[1] Defendants do not argue that parol evidence may be admitted against or beyond what is contained in a transfer of immovable property, where the rights of third parties are involved; but they urge that creditors and forced heirs and their assigns may attack simulated contracts of their debtors and ancestors, and that they acquired title from the forced heirs of Badger Ford, and they have pleaded error on the part of Badger Ford and Frierson Bros., parties to the acts of sale, in terming them acts of sale when they were not, and when Badger Ford intended to grant a mortgage and Frierson Bros. intended to receive a mortgage, as security for a debt owed by Badger Ford to

Frierson Bros., and that parol evidence is competent in such case.

[3, 4] The jurisprudence of the state is that parties may put their agreements into whatever forms they determine. Pickersgill v. Brown, 7 La. Ann. 298. A contract of security may be in the form of a sale. Wolf v. Wolf, 12 La. Ann. 531; Bailey v. Chase, 18 La. Ann. 733; Ware v. Morris, 23 La. Ann. 668; Parmer v. Mangham, 31 La. Ann. 355; Crozier v. Ragan, 38 La. Ann. 154; Davis v. Kendall, 50 La. Ann. 1121, 24 South. 264.

"Whatever be the name given to an act, its character, when necessary, may be ascertained by inquiry into the nature of the transaction and the intent of the parties to it." Keough v. Meyers, 43 La. Ann. 952, 9 South. 913.

If Badger Ford and Frierson Bros. resorted to two contracts of sale, one a sale and the other a resale of the property, on the same day, and Badger Ford remained in possession of the property, and the parties intended to secure by such acts a past-due indebtedness of Badger Ford to Frierson Bros., as alleged by defendants, they (defendants) should have been permitted to prove that fact by parol evidence, under the allegation that the parties to the acts were in error when they passed the acts. The rights of a third party to the property claiming title on the records are not involved in the case.

"The rules of evidence, excluding parol evidence to affect title to real estate, or to contradict or vary written acts, are statutory law, from which courts are powerless to derogate. R. C. C. articles 2275 and 2276. To permit fraud, error, mistake, fraudum legis, possession as basis of prescription, etc., to be shown by parol, even in cases involving title to real estate, is not to derogate from these rules." Marbury v. Colbert, 105 La. 470, 29 South. 873.

[5] Defendants acquired title by acts of sale by the forced heirs of Badger Ford to defendants, which contained the usual warranty clauses; and they, the forced heirs, had the right to annul absolutely, by parol evidence, the simulated contracts of their father. Westmore v. Harz, 111 La. 305, 35 South. 578; Sere v. Darby, 118 La. 619, 43 South. 255.

[2] Article 2239, C. C., as amended by Act No. 5 of 1884, p. 12, is as follows:

"Counter letters can have no effect against creditors or bona fide purchasers; they are valid as to all others; but forced heirs shall have the same right to annul absolutely and by parol evidence the simulated contracts of those from whom they inherit, and shall not be restricted to the legitimate."

Forced heirs are in the position of third persons; and, when the forced heirs of Badger Ford transferred the real property they inherited from their father to defendants, the latter, as their assigns, have the right to show that the acts of sale and resale from Badger Ford to Frierson Bros. were merely intended as a mortgage, and not as sales.

The objection to parol evidence for such purpose should have been overruled.

The testimony of L. S. Frierson, a member of the firm of Frierson Bros., a party to the acts of sale, was that they were intended as an act of mortgage to secure an indebtedness by Badger Ford to Frierson Bros., which plan of making a mortgage was generally resorted to in the part of the state where he dwelt, and that Frierson Bros. never intended to acquire title, and that they never took possession of the property.

The testimony is conclusive that the property was not acquired by Badger Ford in 1895, the date of the mortgage above referred to, during the existence of the community between Badger Ford and plaintiff; and that title was acquired by Badger Ford from the United States government in December, 1894, prior to his marriage to plaintiff, February 7, 1895. As the property in contest was not acquired during the marriage, it did not form part of the community of acquêts and gains existing between Badger

Ford and plaintiff, and plaintiff has no interest therein. Plaintiff's suit to be declared the owner of an undivided one-half of the property must fail.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that there be judgment in favor of defendants and against plaintiff, dismissing her suit at her costs.

PROVOSTY, J., concurs, on the ground that forced heirs have the right to show simulation.

O'NIELL, J., concurs in the decree.