DAWKINS, J.
Plaintiffs, Rinaldo A. Phelps and Henry K. Phelps, brought this suit against their half-brother, Joseph T. Mulhaupt, to have declared simulated and void the deeds to certain property standing in his name in the parishes of Caddo and Bossier, and to have it decreed to belong to the succession of Mrs. Nannie T. Mulhaupt, deceased, mother of both plaintiffs and defendants. Plaintiffs also made their sister of the whole blood, Mrs. Ruth Phelps Smyth, and their half-brother Otto P.' Mulhaupt, parties defendant; thus arraying on one side or the other all of the forced heirs and children of the said Mrs. Nannie T. Mul-haupt, deceased. They also asked that the said Joseph T. Mulhaupt be required to account for the proceeds of various portions of the property alleged to have belonged to the common mother and sold by him during the time that it stood in his name, and for rents and revenues. The First National Bank and First Savings Bank & Trust Company, both of Shreveport, La., were made parties garnishee, and served with an injunc-' tion restraining them from paying over or delivering to the said J. T. Mulhaupt any property or funds in their possession, or any one else on his order. The injunction also prohibited the said defendant Mulhaupt from disposing of any of the notes, funds, etc., representing the proceeds of said property dming the pendency of this suit.
Plaintiffs attached to their' petition interrogatories on facts and articles, with reference to said property, and prayed that the said J. T. Mulhaupt be required to answer the same in writing and under oath; the evidence so obtained to be used on the trial of this case. The said defendant answered the said interrogatories, denying that the property in question had been conveyed to him as a matter of form and to be held for his mother, as charged in the petition; but averred that it had been given to him by her, for the benefit of himself, his father, Otto F. Mulhaupt, and his full-brother, Otto P. Mulhaupt, in order to effect a partition of her estate, and to offset donations previously made by her to the three Phelps children, Rinaldo, Henry, and Ruth.
Thereupon, a motion to strike out and take pro confesso certain of the said answers was filed by plaintiffs, and partially sustained by the court below by ordering that *1081 all parts thereof with reference to the alleged partition be stricken, and allowing defendant additional time in which to make further answers. Within the period so allowed, further answers were made, all of which was over the objection and exception of counsel for plaintiff.
Defendants banks, garnishees, answered: the First National Bank, that it had only $88.75 standing to the credit of J. T. Mul-haupt, and annexed thereto detailed statement of said account; and the First Savings Bank & Trust Company replied that it held $500 belonging to said defendant, likewise annexing detailed account.
Exceptions of no cause of action were filed by the two Mulhaupt defendants, and, pending a decision thereon by the court, a supplemental and amended petition was filed, over the objection of the defendants. In this amendment, plaintiffs alleged that they were forced heirs of their said mother; that while the property sought to be restored to all the heirs had, at one time, stood in the name of petitioner R. A.- Phelps, it was thus held only at the request and for the convenience of his said mother, and that his subsequent act in conveying it to the said J. T. Mulhaupt was likewise at her instance and request, and, in effect, said act was that of his mother “as fully and completely as if she had actually signed such deeds herself; and that all of said property remained always in her possession, from the time it was acquired by her in 1882 and 1884, until her death in 1914; that any possession which J. T. Mulhaupt may have had was for her; that all of this was so recognized and understood by the said defendant, and an agreement reached looking to a partition of the property equally among all the heirs, which was to have been reduced to writing, but that said defendants Mulhaupt subsequently withdrew from same, with the evident purpose of claiming everything for themselves.” The prayer was substantially In accord with that of the original petition.
The record does not show what the objection was to this amendment, or that it was ever passed upon by the court below, and the matter hás not been pressed here. We know of no reason why the amendment should not be considered part of the pleadings.
The exceptions of no cause of action were overruled.
Defendant J. T. Mulhaupt answered, averring substantially the same facts as had been set out in his answers to the interrogatories on facts and articles; averred that the property was his own, and that plaintiff R. A. Phelps was estopped and debarred from contesting or attacking the deed by which he had conveyed the property to defendant. In the alternative, said defendant averred that if the property did not belong to him, in virtue of the deeds and considerations therein expressed, his said mother, desiring to partition while alive the property which she then owned, transferred and conveyed, or caused to be transferred and conveyed, to the plaintiffs and their sister of the whole blood, Mrs-. Ruth Phelps Smyth, certain properties situated in Caddo parish; and that, to offset said conveyance and donation, she had caused to be conveyed to the said defendant J. T. Mulhaupt the property in question, .for the use of himself, his brother Otto, and his father, Otto F. Mul-haupt. Further, in the alternative, that if he should be required to return said property to his mother’s estate, and to account therefor, that the said Phelps heirs should likewise be required to collate and account.
The prayer was in accordance with the answer, and further that the injunction be dissolved with damages in the sum of $1,-000 as attorney’s fees.
The absentee, Mrs. Ruth Phelps Smyth, made no appearance, notwithstanding for *1083 mal notice from the curator ad hoe, and the latter filed answer as such, pleading the general issue.
Thereafter, defendant J. T. Mulhaupt amended his answer and averred that he had, through error, alleged that certain property had been transferred by his mother to the plaintiffs and the defendant Ruth Phelps Smyth, when in truth the said conveyances purported to have been made to her as tutrix for them while minors; but that said property was paid for by their said mother out of her individual funds.
With the issues thus presented, the ease was tried before the lower judge, after waiver of the jury, and resulted in a judgment in favor of plaintiffs, decreeing all of the deeds by which the property described in plaintiffs’ petition was placed in the name of J. T. Mulhaupt simulated, and that the said property belonged at all times to the said Mrs. Nannie T. Mulhaupt, and all of it which remained at her death belonged to her estate, and that there should be a settlement and accounting as between all of her said heirs. The Phelps heirs were also held to be due collation and accounting for all property and funds received by them. It was further ordered that the succession of the said Mrs. Nannie T. Mulhaupt be opened, that an inventory and appraisement be made of its property and funds, held by this judgment to belong to her said estate, and that all of her heirs, plaintiffs and defendants, be referred to that proceeding for an adjustment and accounting'as between themselves.
Defendants Joseph T. and Otto P. Mul-haupt have appealed, and plaintiffs have answered the appeal praying that there be stricken from said judgment so much thereof as requires them to collate for the property and revenues known as the Buckalew property, and likewise as to that portion known as “the place up the river.”
Exception of No Cause of Action.
[1] In a long and well-considered written opinion, found in the record, the lower court, as indicated above, decided the issues raised by this exception adversely to the defendants. The main contention, in the court below, on this point, it would appear from the judge’s opinion, was that parol evidence was not admissible to prove the simulated character of the acts by which the defendant Joseph T. Mulhaupt became vested with the record title, and that the plaintiffs were bound by the answers to the interrogatories on facts and articles. However, as to all of the other heirs, with the possible exception of Rinaldo A. Phelps, such testimony, in our opinion, was clearly admissible under the provisions of Act No. 5 of 1884, amending article 2239 of the Revised Civil Code so as to read as follows:
“Article 2239 (2236). Counter letters can have no effect against creditors or bona fide purchasers; they are valid as to all others; but forced heirs shall have the same right to annul absolutely and by parol evidence the simulated contracts of those from whom they inherit, and shall not be restricted to the legitimate.”
See Wells v. Goss, 110 La. 348, 34 South. 470.
So that, in an action of the kind now before us, forced heirs are not held within the restrictions imposed by article 2275 of the Civil Code as to the propounding of interrogatories on facts and articles concerning real property, but may introduce any other parol proof to make out their case. Hence, in adopting the course pursued in this case, the plaintiffs were merely availing themselves of the provisions of articles 347 et seq. of the Code of Practice, which permit one to obtain such evidence as he may from his adversary in this manner, to be used on the trial, and which course does not preclude the use of other evidence, provided there be no- *1085 other inhibition in the law against the same. C. P. 354.
[2] As to the plaintiff Rinaldo A. Phelps, defendants averred in their answer that, haying been the record vendor in the acts by which the conveyances were made to J. T. Mulhanpt of the property in dispute, the said Phelps was-estopped to attack or deny the import thereof; but, in the answers to the interrogatories on facts and articles, the said Mulhaupt had already admitted that the property in question had been placed in the name of the said Phelps by the mother for her own convenience, and that it had been conveyed to the said Mulhaupt at her instance. It is true that he claimed it was done for the purpose of effecting a partition, but the conclusion is none the less clear from these answers that he admitted the property had belonged to his mother, and that Phelps was the mere instrumentality through which the conveyance was made. It is true that article 353 of the Code of Practice provides that the party so interrogated shall confess or deny the fact' so inquired about, but he is also permitted to state any other facts tending to his defense, provided they be closely linked to the fact on which he has been questioned. This he attempted to do in saying that his mother had caused the property to be transferred to him for the purpose of effecting a partition, and in support of the answer which he had made that he did not hold and had not held the same for her; regardless of whether or not he might be permitted, by such proof, to show a donation or partition, which the plaintiffs claim would have the effect of proving an act entirely different from that which it purports on its face to be. We think these admissions by J. T. Mulhaupt have removed whatever objection there might have been to the attack of R. A. Phelps upon the deeds from himself to Mulhaupt, even granting that the article 2239, as amended by the Act No. 5 of 1884, does not apply in a case of this kind, so as to overcome the estoppel which might otherwise operate as against the said Phelps.
For these reasons, we think the exceptions of no cause of action were properly overruled.