(108 So. 549)

No. 25145.

**EBERLE et al. v. EBERLE.**

(May 3, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Evidence** ⬯418—Forced heirs held not entitled to show by parol that title to property is really in their mother, where mother or succession never had title (Rev. Civ. Code, art. 2239, as amended by Act No. 5 of 1884.

Rev. Civ. Code, art. 2239, as amended by Act No. 5 of 1884, does not give forced heirs right to show by parol evidence that title to property conveyed to defendant was really in their mother and was put in defendant's name only for convenience, where it does not appear that mother or her succession ever had title thereto.

2. **Evidence** ⬯418—Forced heirs may use parol evidence to recover property transferred by ancestor, but not where ancestor never had title to property (Rev. Civ. Code, art. 2239, as amended by Act No. 5 of 1884).

Under Rev. Civ. Code, art. 2239, as amended by Act No. 5 of 1884, a forced heir may attack by parol a transfer made by his ancestor for purpose of showing that it was a simulation in order to bring property back into ancestor's succession or to recover it for himself, but he cannot by parol recover property which under no form of title ever belonged to his ancestor or ancestor's succession.

3. **Descent and distribution** ⬯110—Succession; demand for collation is not before court, where condition on which it was required was not claimed by defendant.

Where defendant was required to collate only in event that property in dispute was purchased with money donated by her parents, but defendant made no claim of such donation, demand for collation is not before the court.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by Succession of Frank Adam Eberle and wife against Miss Pearl Eberle. From a judgment of nonsuit, Frank Gordon Eberle, administrator, appeals. Affirmed.

W. O. Hart and L. H. Gosserand, both of New Orleans, for appellant Frank Gordon Eberle.

E. P. Kleinert and Spearing, Miller & Mabry, all of New Orleans, for appellee.

OVERTON, J. According to the records in the conveyance office of the parish of Orleans, Miss Pearl Eberle purchased from Miss Mary Ann Pike and John Thomas Pike, on May 20, 1916, by notarial act, a piece of real estate, with the improvements thereon, situated in the city of New Orleans.

Miss Pearl Eberle's parents, Frank Adam Eberle and Mrs. Magdalena Meyer Eberle, are dead, and at their death left among their forced heirs, besides Miss Eberle, Frank Gordon Eberle, and Mrs. Lulu Rule Eberle, wife of Samuel Todd, Jr. Frank Gordon Eberle has qualified as administrator of the successions of his parents, and his sister, Mrs. Todd, and he, personally, and in behalf of the successions which he represents, has brought this suit, claiming that the property standing in the name of Miss Eberle belongs to the successions of her parents, representing:

"That said property was put in the name of the said Miss Pearl Eberle, a daughter of said decedents, simply as a matter of convenience for her mother, and was paid for with funds belonging to the said Mrs. Eberle or the community existing between her and her husband, or both.

"That, if it be claimed or contended that said property was purchased with money given to the said Mrs. Eberle by her mother or father, or both, then your petitioners say that, if any such donation was made, it was not made in the form required by law, and was not given as an extra portion, and that, in that event, the said Miss Eberle should be required to collate the value of said property, to wit, the sum of $5,500 in the settlement of this succession, so that all the heirs thereto might be placed on an equality."

Miss Eberle, the defendant in the suit, after filing an exception of vagueness and one to the effect that plaintiffs' demands are inconsistent, which were overruled, filed an exception of no cause of action. The exception of no cause of action was referred to the

merits, and defendant given 10 days within which to answer. In her answer, which she duly filed, she denies that the property was put in her name for the convenience of her mother; avers that she is the sole owner of said property, and that plaintiffs have no interest whatever in it; and denies that the money used to pay for the property was donated to her by her parents, or by either of them, or by the community that existed between them.

The case went to trial on the merits. On the trial plaintiffs offered to show by parol that their mother was the owner of the property, and in reality was the purchaser of it in the sale made by Mary A. and John T. Pike, and that the sale was made apparently to defendant as a matter of convenience to their mother. The questions propounded, seeking to establish, in this manner, title to the property in the mother, were objected to substantially on the grounds that title to real estate cannot be established by parol evidence, and that such evidence was not admissible to contradict the deed made by the Pikes to defendant. The objections were sustained, and, as plaintiffs apparently had none other than parol evidence to offer to establish title in their mother, they were forced to rest without proving their demand. Since they failed to prove their demand as to title, and since defendant did not contend that the money with which she paid for the property was donated to her by her mother, or father, or both, the demands of the plaintiffs were dismissed as in case of nonsuit.

Plaintiffs have appealed from the judgment rendered.

[1] From the statement of the case that we have made, it is obvious that the first question presented for our consideration is whether parol evidence is admissible to prove that the title to the land in dispute, under the sale made by the Pikes, really vested in the mother of plaintiffs instead of in defendant, the vendee named in the deed, in whose name, it is contended, the title was put to suit the convenience of the mother.

In Hoffman v. Ackermann, 110 La. 1070, 35 So. 293, a case not involving the right of forced heirs, though involving a right similar in its nature to it, this court said:

"The rule is that parol evidence is inadmissible to affect title to real estate (Civ. Code, Arts. 2440, 2275), and the effect of admitting it in this case would be. to transfer the title to the square of ground in question from Miss Peters to Miss Ackermann.

"The rule is not without its exceptions, and among them are the familiar examples where a creditor seeks by the revocatory action or the action en declaration de simulation to bring back into the estate of the debtor property which the debtor has fraudulently transferred; *but this court has steadily refused to recognize as an exception to the rule the case where the purpose is to bring into the estate of the debtor real estate that has never formed any part of it.* [Italics ours.]

"Thus, in the case of Nouvet v. Vitry, 15 La. Ann. 653, where the debtor had lived for many years in concubinage with a colored woman, and had purchased real estate in her name—in the same manner that Miss Ackermann is alleged to have done in the name of Miss Peters—and, after ineffectual efforts to rescue the property, had surrendered it to his creditors, in fraud of whom he had used his concubine's name for his purchases, and the syndic, acting for the creditors, brought suit to have the property declared to belong to the debtor, just as in this case it is sought to have the property in question declared to belong to Miss Ackermann, the debtor, the court refused to permit the use of parol evidence. The syllabus of the case, which correctly sets forth its doctrine, reads as follows:

"'In an action by the creditors to annul a simulated sale of their debtor's property, such creditors enjoy privileges which would be denied to the debtor.

"'But in a suit to make out title for their debtor the rights and privileges of the creditors are precisely the same as those of the debtor himself.'"

And in Barrow v. Grant's Estate, 116 La. 952, 41 So. 220, it was said that—

"Parol evidence is not admissible to show that in a sale of real estate the vendee named in the act was not the real vendee, but that another person was. McKenzie v. Bacon, 40 La. Ann. 157, 4 So. 65; Perrault v. Perrault,

32 La. Ann. 635; Hackenberg [Hackenburg] v. Gartskamp, 30 La. Ann. 898; Heirs of Dohan v. Dohan, 42 La. Ann. 449, 7 So. 569; Tille [Telle] v. Taylor, 42 La. Ann. 1165, 8 So. 399; Stierle v. Kaiser, 45 La. Ann. 580, 12 So. 839; Whelage v. Lotz, 44 La. Ann. 600, 10 So. 933."

But, as two of the plaintiffs herein, Frank G. Eberle and Mrs. Todd, are among the children of the deceased, Mrs. Eberle, and hence are among her forced heirs, they contend that they have a right to show by parol evidence that their mother was in reality the vendee in the sale made by the Pikes, and rely on article 2239 of the Revised Civil Code, as amended by Act No. 5 of 1884, as granting them such a right. The article relied on reads as follows:

"Counter letters can have no effect against creditors or bona fide purchasers; they are valid as to all others; but forced heirs shall have the same right to annul absolutely and by parol evidence the simulated contracts of those from whom they inherit, and shall not be restricted to the legitime."

[2] The position of plaintiffs is that the act of the deceased, Mrs. Eberle, in causing the property to be put in the name of her daughter, when she was, in fact, the purchaser, was a simulation, and that those of her children, who are plaintiffs herein, have a right to uncover the simulation, under the foregoing article, by means of parol evidence, and to recover the property for the succession, in order to protect their rights therein. However, to permit plaintiffs to do this would be to permit them to bring into the succession of Mrs. Eberle, by the use of parol evidence, the property in dispute, when it does not appear that she or her succession ever had title to it in any of the forms recognized by law. In other words, to permit this would be equivalent to holding that, because a person occupies the position of a forced heir, he may attack any person's title to real property in the state upon the theory that such person was substituted, for the sake of convenience, as vendee, for the person from whom he inherits. The article of the Code, as amended, does not contemplate anything of the kind. For a forced heir to avail himself of this article it ought to appear that the property belonged to his ancestor by some title recognized by law, such, for instance, as by act of sale, or by inheritance, or by prescription, and that his ancestor thereafter apparently transferred the property to another, or made some other simulated contract with reference to it. It is the transfer or contract, made by the ancestor, as owner of the property, that his forced heir may attack as simulated, and show the simulation by parol evidence. In other words, a forced heir may attack by parol a transfer made by his ancestor, for the purpose of showing that it was a simulation, in order to bring the property back into his ancestor's succession or to recover it for himself, but he cannot use parol evidence to bring into the succession or recover property, which under no form of title recognized by law ever belonged to his ancestor or to his ancestor's succession. As aptly said in Barbin v. Gaspard, 15 La. Ann. 539:

"There is a great and material difference between the right to introduce parol testimony to show fraud or simulation in the sale of immovable property or slaves by the ancestor, to the prejudice of the legitime of the forced heirs, and the right to introduce parol testimony to show title in the ancestor to such property, for the purpose of increasing the amount of assets belonging to his estate. The former right may, in a certain class of cases, be exercised; but the latter right never can be without the consent of the defendant, or party claiming adversely to the heirs. It is the latter right which the plaintiff seeks to exercise in this case, contrary to the letter and spirit of the law, as well as the will of the defendant."

It may be urged that this decision was rendered prior to the amendment by Act 5 of 1884 of article 2239 of the Civil Code, and that the amendment added to the article all that is in it relative to the rights of forced heirs. This is true. But the jurisprudence

interpreting the Civil Code, at the time of the amendment, recognized the right of a forced heir to attack by parol evidence simulated conveyances, made by his ancestor, to the extent that such conveyances prejudiced his legitime. The amendment to a large extent is only declaratory of the jurisprudence then existing, with this exception: The amendment makes the law so that the forced heir is no longer confined to his legitime in making the attack. See Cole v. Cole, 39 La. Ann. 878, 2 So. 794. Hence the foregoing excerpt applies with as much force to-day as it did on the day the decision from which it is taken was rendered. It may be said that, in effect, it was reaffirmed in Dohan v. Dohan, 42 La. Ann. 449, 7 So. 569.

We have examined the authorities cited by plaintiffs, and fail to find that they conflict with the views expressed above. These cases are Phelps v. Mulhaupt, 146 La. 1078, 84 So. 362; Ford v. Parsons, 142 La. 1093, 78 So. 128; Westmore v. Harz, 111 La. 305, 35 So. 578; Sere v. Barby, 118 La. 619, 43 So. 255. The case of Walton v. Walton, 156 La. 611, 100 So. 786, so far as it is pertinent, seems to support rather than militate against the views above expressed.

Our conclusion is that the lower court was correct in rejecting the evidence offered, and, as this left unproven plaintiffs' demand for recognition of title to said property, the judgment of nonsuit entered on that phase of the case was not erroneous.

[3] With reference to plaintiffs' demand for collation, it may be observed that it is only in the event it should be claimed or contended (that is, by defendant) that the property in dispute was purchased with money given her by her parents, or either of them, and only in the event it should be found that such a donation was made, that defendant be required to collate. Defendant has not contended that she paid for the property with money donated to her by her parents, or either of them. Hence the demand for

collation, if for no other reason, is by the terms of the allegations of plaintiff's petition not before the court. Moreover, the record does not disclose an attempt to prove that such a donation was made. We, therefore, find no error in the judgment of nonsuit rendered.

For the reasons assigned, the judgment appealed from is affirmed, appellants to pay the costs.