On Rehearing.
 

 O’NIELL, Chief Justice.
 

 In the application of the plaintiff for a rehearing, and in the argument of his counsel on rehearing, it was contended that the decisions cited in the opinion rendered by this court were not appropriate. The decisions that are cited — and in fact all of the decisions rendered by this court on the subject — maintain that, although parol evidence is admissible for a plaintiff to prove that he was divested, by fraudulent means, of a title to real estate which he^ once owned, parol evidence is not admissible — even when fraud is alleged — to establish a title to real estate in one who did not previously own the property. Plaintiff’s counsel contend that exceptions to that rule were made in the following cases: Livingston v. Morgan, 26 La.Ann. 646; Cuggy v. Zeller, 132 La. 222, 61 So. 209; Phelps v. Mulhaupt, 146 La. 1078, 84 So. 362; Eberle v. Eberle, 161 La. 313, 108 So. 549, and Sangassan v. Sangassan, 181 La. 31, 158 So. 611. These decisions are in harmony with the decisions cited in the opinion rendered in this case. In fact they affirm the rule of evidence which we have announced as controlling the decision in this case. For example, in Livingston v. Morgan, 26 La.Ann. 646, the defendant bought a plantation at a sale made by the administrators of the succession of the grandfather of the plaintiff, Miss Livingston. She was a minor at the time of the sale, and was the only heir of her grandfather. Morgan made an agreement with the tutrix — who was the mother of Miss Livingston — that he would buy the plantation for the minor and would transfer the title to her upon her reimbursing him for the price and interest. The agreement was made in writing, in the form of letters written by Morgan to the mother of Miss Livingston, and was frankly admitted by Morgan in the suit which Miss Livingston- brought against him to compel him to carry out his written agreement to transfer the title to her. His only defense was that Miss Livingston did not promptly tender to him the price of the plantation after she was emancipated. The court held that Miss Livingston was not guilty of laches in the matter of tendering to Morgan the price of the plantation, and hence that his written obligation to transfer the title to her should be carried out. That decision was cited by the plaintiff in Hackenburg v. Gartskamp, 30 La.Ann. 898, 901, where the court explained that the basis for the decision in Livingston v. Morgan was that Morgan’s obligation to transfer the title to Miss Livingston was in writing. In Hackenburg v. Gartskamp the pertinent facts were exactly the same as in the present case, and the ruling, as stated in the syllabus of the opinion, was:
 

 “A contract of mandate for the purchase of real estate can not be proved by parol evidence, even when fraud in the alleged agent is set up.”
 

 In Hackenburg v. Gartskamp the court cited two very old decisions, namely, Mug
 
 *153
 
 gah v. Greig, 2 La. 593, and Badon v. Badon, 4 La. 166, which maintain squarely that parol evidence is not admissible, even on allegations of fraud, to prove that one who bought real estate in his own name bought it as the agent for the plaintiff. In Hackenburg v. Gartskamp the court said that the decision in Hall v. Sprigg, 7 Mart.,O.S., 243, 12 Am.Dec. 506, was, on the facts of the case, not out of line with the jurisprudence on the subject; and the court added:
 

 “But if that case (which was decided under .the Code of 1808) can be construed as establishing the doctrine that by merely alleging parol agency in a purchase of real estate, and fraudulent refusal tp convey, one can recover real property, and maintain and establish title thereto,
 
 wholly by parol proof,
 
 we must say that it is in direct conflict with what are now fundamental principles of our law of titles, and [is] overruled by the jurisprudence of half a century.”
 

 In the next case cited by the plaintiff in this case, namely, Cuggy v. Zeller, 132 La. 222, 61 So. 209, the fact was that the defendant had fraudulently induced the plaintiff to transfer her property to him, and, of course, the court held that parol evidence was admissible to prove the fraud and thereby to annul the fraudulent transfer.
 

 In the next case cited by the plaintiff, namely, Phelps v. Mulhaupt, 146 La. 1078, 84 So. 362, the plaintiffs, being the sons and forced heirs of Mrs. Mulhaupt, sued their half-brother, Joseph T. Mulhaupt, to annul a simulated sale which their mother had made to him, and to have the property declared to belong to the succession of their mother. The suit was founded upon Act No. 5 of 1884, amending article 2239 of the Civil Code by adding thereto this clause: “but forced heirs shall have the same right to annul absolutely
 
 cmd by parol evidence
 
 the simulated contracts of those from whom they inherit, and shall not be restricted to the legitime.” We have italicized the phrase in the statute which controlled the decision in the case, “and by parol evidence.”
 

 In the next case cited by plaintiff, namely, Eberle v. Eberle, 161 La. 313, 108 So. 549, the converse of the doctrine of Phelps v. Mulhaupt was maintained. The plaintiffs in the Eberle Case were the forced heirs of Mrs. Magdalena Meyer Eberle, and s.ued to have a sale which had been made to their sister, Miss Pearle Eberle, by third parties —not by Mrs. Magdalena Meyer Eberle— declared a simulation. The plaintiffs sought to maintain the action under the provisions of Act No. 5 of 1884, amending article 2239 of the Civil Code,: so as to allow forced, heirs to sue to. annul by parol evidence the simulated contracts of those from whom they inherit. But the court held that parol evidence was not admissible because the sale that was attacked was not made by the ancestress, from whom the plaintiffs inherited. In the course of the opinion the court said [page 551]:
 

 “For a forced heir to avail himself of this article [2239, as amended by Act No. 5 of 1884] it ought to appear that the property belonged to his ancestor by some title recognized by law, such, for instance,’ as by act of. sale, or by inheritance, or by
 
 *155
 
 prescription, and that his ancestor thereafter apparently transferred the property to another, or made some other simulated contract with reference to it. It is the transfer or contract, made by the ancestor, as owner of the property, that his forced heir may attack as simulated, and show the simulation by parol evidence. In other words, a forced heir may attack by parol a transfer made by his ancestor, for the purpose of showing that it was a simulation, in order to bring the property back into his ancestor’s succession or to recover it for himself, but he cannot use parol evidence to bring into the succession or recover property, which under no form of title recognized by law ever belonged to his ancestor
 
 or
 
 to his ancestor’s succession.” (Citing Barbin v. Gaspard, 15 La.Ann. 539).
 

 In the next and last case cited by counsel for plaintiffs in this case, namely, Sangassan v. Sangassan, 181 La. 31, 158 So. 611, the plaintiffs, being the two sons and forced heirs of Mr. and Mrs. John Sangassan, sued their sister, Mrs. Doell, to have a sale which their mother had made to her declared a simulation. The suit was brought under the provisions of Act No. 5 of 1884, amending Article 2239 of the Civil Code, so as to allow forced heirs to annul by parol evidence the simulated contracts of those from whom they inherit. The plaintiffs annexed to their petition interrogatories on facts and articles, which the defendant answered by denying the alleged simulation. On the trial of the case the plaintiffs called the defendant, Mrs'. Doell, to the witness stand for cross-examination under the provisions of Act No. 126 of 1908. Her counsel objected to her being cross-examined, on the ground that her answers to the interrogatories could not be contradicted by parol evidence. The court overruled the objection on the ground that parol evidence was admissible under the provisions of Act No. 5 of 1884, and hence that it was not necessary for the plaintiffs to resort to interrogatories on facts and articles. The ruling is expressed accurately in the second paragraph of the syllabus of the opinion thus:
 

 “Forced heirs attempting to set aside as simulations [their] ancestors’ notarial acts held entitled to cross-examine [the] grantee, since parol evidence was admissible to prove [the] simulated character of [the] acts, and forced heirs were not bound by [the defendant’s] answers to [the] interrogatories (Act No. 126 of 1908; Rev. Civ.Code, arts. 2239, 2275).”
 

 In 1934 the Legislature enacted a substitute for Act No. 126 of 1908 — Act No. 115 of 1934 — and added a section making the statute applicable to cases where a corporation is a party to the suit; but, in copying Act No. 126 of 1908, as the first section of Act No. 115 of 1934, the writer of the new statute, inadvertently, substituted the word “unlawful” for the word “lawful”, and thus made the law declare that a party litigant may impeach the testimony given by his opponent on cross-examination, “in any unlawful way.” We take cognizance of the fact — which is obvious — that this substitution of the word “unlawful” for the word “lawful” was an accident; hence we shall continue to read the law as it was originally written. According to the juris
 
 *157
 
 prudence which we have cited the right of cross-examination, given by Act No. 126 of 1908 and by Act No. 115 of 1934, was not intended to be a substitute for the right to propound interrogatories on facts and articles, under article 347 of the Code of Practice. Answers to interrogatories on facts and articles are not subject to contradiction by a cross-examination — under Act No. 126 of 1908 or Act No. 115 of 1934 — of the party who has answered the interrogatories on facts and articles, in any case where parol evidence is not admissible. Phelps v. Mulhaupt, 146 La. 1078, 84 So. 362; Eberle v. Eberle, 161 La. 313, 108 So. 549; Sangassan v. Sangassan, 181 La. 31, 158 So. 611.
 

 The plaintiff in this case lays great stress upon the fact that the defendant, in her answer to the suit, and in her answers to the interrogatories on facts and articles, admitted that for a period exceeding twelve years she acted as the agent of her father in the management of his business affairs, and in his buying of real estate, and building houses thereon, and renting the property, and collecting the rents, and in the drawing of checks on his bank account. That admission in the defendant’s answer to the suit, and in her answers to the interrogatories on facts and articles, must be taken in connection with her emphatic denial, in her answer to the suit, and in her answers to the interrogatories on facts and articles, that she acted as the agent for her father in the buying of the lots in contest, or in the buying of any one of them. Judicial admissions made in a party’s pleading cannot be divided against him; they must be taken in connection with all other judicial declarations made in his pleading. Rev.Civ.Code, art. 2291. The same rule applies to answers to interrogatories on facts and articles. Code of Prac. art. 356. The general agency of the defendant in this case, to manage the business affairs of her father, did not forbid her to buy property in her own name, with her own funds. If, notwithstanding her emphatic denial, she used her father’s funds in the buying of the lots in contest, or in the improvement of them, her father’s recourse is to sue her, not for the property itself, but for the amount of money .that she appropriated to her own use.
 

 The judgment heretofore rendered by this court is now reinstated and made the final judgment of the court.