GULOTTA, Judge.
Plaintiff appeals from the dismissal, on exceptions of no cause and no right of action, of her claim to set aside simulated purchases of real property and from a judgment maintaining a plea of prescription of her tort claim for damages arising out of *578 fraudulent succession proceedings and fraudulent sales of succession property. We affirm.
In these consolidated suits, plaintiff, the granddaughter of George W. and Julia Loga Delesdernier, seeks to have brought back into the successions of her deceased grandparents property purchased by George W. as agent for his son, Mark Delesdernier (in one act of sale), and for his children, Mark, George 0. and Shirley Delesdernier (in two acts of sale). According to plaintiff’s amended petition, she alleges that George W. “purported to be the agent” for the named children (her uncles and aunt) in the three acts of sale from the succession of Robert M. White “but in truth and in fact he was purchasing for himself and paid the purchase price therefor with his own funds and continued, after the purchase, to exercise ownership . . . ” and “this purported agency did not exist but was a subterfuge used by the decedent to make disguised donations to his children . . . Plaintiff further seeks to have the purported acts of sale “declared to be fraudulent simulated transfers” and the property acquired in those acts to “be deemed to have been property acquired by the community heretofore existing” between Julia and George Delesdernier.
In a second amended petition in these consolidated cases, plaintiff alleges further that George W. in two tax sales from the White succession purported to purchase as agent for Mark Delesdernier when in truth and in fact George W. purchased with his own money the tax sale property. Plaintiff further prays that the property purchased in the two tax sales be brought back into the succession of George W. and Julia, plaintiff’s grandparents, and that the property be divided among the heirs including herself.
In an earlier opinion rendered in the Succession of Delesdernier, 184 So.2d 37 (La.App. 4th Cir. 1966), this court, after examination of the pleadings alleging simulation of the same sales sought to be set aside in the consolidated cases now before us, concluded that the allegations of the petition set forth a cause of action on simulation. In the earlier case, we remanded the matter for trial on the merits.
Referring to the earlier opinion, plaintiff contends that this court examined the allegations of the petition to ascertain if a cause of action had been stated, reversed the trial court’s determination maintaining the exception of no cause of action and remanded the matter to the trial court. According to plaintiff, the allegations which this court concluded stated a cause of action, in the earlier opinion, are the same allegations before us at this time. Citing the doctrine of the “law of the case”, plaintiff contends that the present panel of this court cannot recede from its earlier judgment finding a cause of action and remanding it for trial. With regard to the exception of no right of action, plaintiff argues that as a legal heir of her grandparents (through representation of her father), she has a right of action in the alleged simulations.
In supplemental brief, she further argues that the court erroneously maintained the exception of one-year prescription for damages resulting from a sale of her interest in her grandparents’ successions and from the succession proceedings of her grandparents. In this respect, she contends that only a few months prior to the filing of her petition on October 5, 1960, she had become aware of certain frauds and forgeries including forged signatures on the original petition in the succession of her grandmother filed on May 25, 1934, and on the act of sale executed on February 11, 1935, conveying plaintiff’s interest in her grandmother’s estate. Under these circumstances, she argues, the trial judge erred in maintaining the exception of one-year prescription for damages resulting from the forgeries.
NO CAUSE OF ACTION
It is well settled that in determining the validity of an exception of no cause of action, the allegations of the petition are accepted as true and evidence is inadmissible to disprove the allegations. See Babineaux v. Pernie-Bailey Drilling Co., 261 La. *579 1080, 262 So.2d 328 (1972); American Creosote Company v. Springer, 257 La. 116, 241 So.2d 510 (1970); LSA-C.C.P. art. 931. Where exhibits are made a part of the petition, they are considered in connection with the allegations. Leidenheimer v. Schutten, 194 La. 598, 194 So. 32 (1940); American Creosote Company v. Springer, supra. The issue on the exception of no cause of action is whether the petition and attached exhibits present a case legally entitling plaintiff to the redress sought. Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975).
When we consider the allegations of the petition and the acts of sale incorporated by reference in the pleadings,[1] we are led to conclude that plaintiff fails to state a cause of action in simulation with regard to these sales. The petition, referring to the acts of sale from the White succession to the children, merely alleges that George W. purportedly acted as agent on behalf of the children, but in fact purchased for himself because no agency existed. It is neither alleged nor contended that the property was conveyed by George W. to the children. George W. did not purchase as owner. In truth and in fact the purchase was made from the White succession by George W. as agent for the children. George W. appears only as agent. The acts of sale following the adjudication of the property to George W. recite that in confirmation of the adjudication the administrator of the succession conveys the property to the children “represented by George W. Delesdernier”. The acts of sale on their face involve transfers of property from the White succession to the children; they are not instruments conveying property owned by George W. to the children. As pointed out by defendant, if no transfer exists from George W. to the children, Mark, George O. and Shirley, there can be no claim of the existence of a simulated transfer from George W. to his children. The property went from Succession of White to the children.
In Eberle v. Eberle, 161 La. 313, 108 So. 549 (1926), cited by defendant, a similar attack was made by a forced heir who alleged that the decedent had caused the property to be put in the name of her daughter when in fact she (the decedent) was the purchaser. In the cited case, the forced heir sought, by means of parol evidence, to recover the property for the succession. The Supreme Court held that LSA-C.C. art. 2239 was inapplicable and that parol evidence could not be used by the forced heir to attack the sale. The court, supra at pages 550-551, stated:
“The position of plaintiffs is that the act of the deceased, Mrs. Eberle, in causing the property to be put in the name of her daughter, when she was, in fact, the purchaser, was a simulation, and that those of her children, who are plaintiffs herein, have a right to uncover the simulation, under the foregoing article, by means of parol evidence, and to recover the property for the succession, in order to protect their rights therein. * * For a forced heir to avail himself of this article it ought to appear that the property belonged to his ancestor by some title recognized by law, such, for instance, as by act of sale, or by inheritance, or by prescription, and that his ancestor thereafter apparently transferred the property to another, or made some other simulated contract with reference to it. It is the transfer or contract, made by the ancestor, as owner of the property, that his forced heir may attack as simulated, and show the simulation by parol evidence. In other words, a forced heir may attack *580 by parol a transfer made by his ancestor, for the purpose of showing that it was a simulation, in order to bring the property back into his ancestor’s succession or to recover it for himself, but he cannot use parol evidence to bring into the succession or to recover property, which under no form of title recognized by law ever belonged to his ancestor or to his ancestor’s succession. * * * ”
Similarly, in Succession of Hogh, 193 La. 260, 190 So. 399 (1939), a case also involving an attack by a forced heir, the court maintained an exception of no cause of action and stated, supra at page 401:
“ * * * There is no allegation in the plaintiffs’ petition that this property belonged to their ancestor by any title recognized by law, viz., by deed, by inheritance or by prescription. There is no allegation that the property was ever transferred by the plaintiffs’ ancestor to another. It is the contract or transfer made by the ancestor that forced heirs may attack as a simulation. Under the provisions of Article 2239 the forced heirs have the right to annul the simulated contract of those from whom they inherit but they could not under this provision of the law establish title to property which under no form of title recognized by law ever belonged to their ancestor or their ancestor’s succession. Hoffmann v. Ackermann et al., 110 La. 1070, 1076, 35 So. 293; Malbrough v. Roundtree, 128 La. 39, 54 So. 463; Eberle v. Eberle, 161 La. 313, 108 So. 549; and Scurto v. Le Blanc, 191 La. 136, 184 So. 567.”
Considering the Eberle and Hogh cases, we conclude plaintiff has failed to allege a cause of action in simulation in connection with the five acts of sale made subject to these proceedings.
We find no merit to plaintiff’s contention that the doctrine of the “law of the case” compels us to overrule the exception of no cause of action. It is true that the earlier opinion of this court, supra at page 52, states:
“ * * * We conclude . . . that plaintiff has sufficiently pleaded the issue of simulation, and justice requires that she have her day in court to prove her allegations.”
A reading of the opinion, however, indicates that the court was referring to a sale from George W. to Delesdernier Estate, Inc. and other sales from George W. to one or more of his children. The court further states, supra at pages 52-53:
“We have examined all the pleadings in an attempt to determine as best we can from the repetitious allegations the extent to which simulation has been pleaded in regard to various sales or transfers of property, and have set out the pertinent allegations below. There may be others which have escaped our notice. Therefore, the following listing is not necessarily intended to be exclusive, but should be a guide to the trial court when and if the trial on this issue is reached on remand.
“Plaintiff’s attack on the ground of simulation is directed at the sale by George W. Delesdernier to Delesdernier Estate, Incorporated, of all his undivided one-half or community interest in the 15 tracts of property described in plaintiff’s petition in No. 2767, and also at the following sales or transfers by him: [emphasis ours]
[Thereafter follows a listing of the three acts of sale from the White succession to the children and eight other sales purportedly from George W. to one or more of the children.]”
Indeed, in view of the Eberle and Hogh cases cited above, a sale from the father to the children might very well state a cause of action in simulation. The three acts of sale before us, however, though listed in the previous opinion, are sales from the White succession to the children and are not sales by George W. to Mark, George O. and Shirley. Accordingly, the doctrine of the law of the case does not obligate us to overrule the exception of no cause of action with regard to the sales of property from the White succession.
Because plaintiff has failed to state a cause of action in simulation of these five sales, we do not reach the exception of no right of action.
*581 PRESCRIPTION
We find no merit to plaintiff’s contention that the trial judge erred in maintaining the plea pf one-year prescription to plaintiff’s claim in tort for $1,000,000.00 in damages resulting from alleged simulated sales, fraudulent transfers and- invalid succession proceedings. In the earlier Fourth Circuit opinion, supra at pages §3-54, the court addressed itself to the same issue and, while in'dicta disclaiming to pass on the prescription plea, did in fact conclude that prescription had tolled insofar as this claim for tort damages is concerned.
Assuming, for the sake of argument, that this court did not pass on the prescription plea in the earlier decision, nevertheless, the rationale of the court relating to prescription is applicable in our case. Though the court pointed out, supra at page 54, that plaintiff had negated prescription by alleging in her petition filed in 1958 that “during the last four months [she had] learned” of the fraudulent occurrences, the court factually found that in a suit filed in 1951 plaintiff had made the same allegations which serve as the basis for her claim in tort filed in 1958. Under the circumstances, we adopt the conclusion of this court stated supra at page 54:
“ * * * Clearly prescription had long since run against a claim for damages on account of the fraud therein alleged.”
Accordingly, we conclude the trial judge properly determined that the prescription of one-year (LSA-C.C. art. 3536) was applicable. The judgment is affirmed.

AFFIRMED.

.The five acts of sale are:
1. Sale of Property by Succession of Robert M. White to Mark Delesdernier, represented by George W. Delesdernier, dated August 24, 1931.
2. Sale of Property by Succession of Robert M. White to Mark, George O. and Shirley I. Delesdernier, represented by George W. De-lesdemier, dated October 29, 1931.
3. Sale of Property by Succession of Robert M. White to Mark, George O. and Shirley I. Delesdernier, represented by George W. De-lesdernier, dated November 14, 1931.
4. and 5. Two 1931 tax sales of Robert M. White property to Mark Delesdernier.