671 So.2d 508 (1995)
WOODLAND RIDGE ASSOCIATION
v.
Paul CANGELOSI, et ux.
No. CA 94 2604.
Court of Appeal of Louisiana, First Circuit.
October 6, 1995.
*509 Charles W. Rea, Baton Rouge, for plaintiff/appellant, Woodland Ridge Association.
Celia R. Cangelosi, Baton Rouge, for defendants/appellees, Paul and Terry Cangelosi.
Before LeBLANC, WHIPPLE and FOGG, JJ.
WHIPPLE, Judge.
This is an appeal by plaintiff, Woodland Ridge Association, from a judgment of the trial court maintaining the peremptory exception raising the objection of no cause of action filed by defendants, Paul and Terry Cangelosi. For the following reasons, we reverse.

PROCEDURAL HISTORY
On June 6, 1994, Woodland Ridge Association filed a "Petition for Unpaid Dues," asserting that defendants owe $190.00 in unpaid dues. According to the petition, defendants reside in Woodland Ridge Subdivision, a subdivision subject to restrictive covenants, which provide for an annual assessment of dues against each lot in the subdivision. The petition further alleged that defendants had not paid their dues for the past four fiscal years, totalling $190.00.
In response to the petition, defendants filed numerous exceptions, including a peremptory exception raising the objection of no cause of action. In their exception, defendants alleged that they were not members of the Woodland Ridge Association and, thus, were not obligated to pay dues.
*510 A hearing on defendants' exceptions and plaintiff's motion for a protective order regarding discovery was held on August 29, 1994 during which the trial court allowed defendants to introduce into evidence a copy of an amendment to the articles of incorporation of Woodland Ridge Association.[1] Defendants argued that pursuant to the definition of "membership" under the amendments to the articles of incorporation, they could not be considered members of the Association and thus were not liable for any dues assessment.
The trial court agreed, relying on article 6 of the amendment to the articles of incorporation. In maintaining defendants' exception raising the objection of no cause of action, the court stated:
I'm going to grant the exception based on ... article 6 of the amendments ..., which clearly states that the only members of the Association are those who own one or more lots in the subdivision commonly referred to and collectively [sic] as Woodland Ridge in Baton Rouge, Louisiana and who indicate their desire to be members by paying annual dues as specified by the Board of Directors. It is apparent from the presence of Mr. Cangelosi defending this lawsuit ... that he certainly does not desire to be a member of that organization by paying annual dues.
Judgment maintaining the exception and dismissing the Association's suit with prejudice was signed on August 31, 1994. Plaintiff appeals, listing six assignments of error. Through these assignments of error, the Association first avers that the trial court erred in considering extraneous documents, rather than limiting its consideration to the petition alone, to determine whether the petition states a cause of action. The Association next contends that even if the documents offered by defendants were admissible for the purpose of determining the sufficiency of the petition, which plaintiff does not concede, the court further erred by misinterpreting the Amendment and/or ignoring other provisions. Finally, the Association contends that the trial judge should be recused by this court because of an alleged undisclosed personal bias.

DISCUSSION
The peremptory exception raising the objection of no cause of action tests the legal sufficiency of a petition and is triable solely on the face of the petition and any annexed documents. Kuebler v. Martin, 578 So.2d 113, 114 (La.1991); Persilver v. Louisiana Department of Transportation, 592 So.2d 1344, 1347 (La.App. 1st Cir.1991). Generally, no evidence may be introduced to support or controvert the exception. However, as set forth in City National Bank of Baton Rouge v. Brown, 599 So.2d 787, 789 (La.App. 1st Cir.), writ denied, 604 So.2d 999 (La.1992), the jurisprudence recognizes an exception to this rule, which allows the court to consider evidence which is admitted without objection to enlarge the pleadings. Otherwise, the court must accept all factual allegations of the petition as true and maintain the exception only if no remedy is afforded under the allegations asserted. LSA-C.C.P. art. 931; Penalber v. Blount, 550 So.2d 577, 581 (La.1989). When a petition states a cause of action as to any ground or portion of the demand, an exception raising the objection of no cause of action must be overruled. Kyle v. Civil Service Commission, 588 So.2d 1154, 1159 (La.App. 1st Cir.1991), writ denied, 595 So.2d 654 (La.1992). Any doubts are resolved in favor of the sufficiency of the petition. Persilver, 592 So.2d at 1347.
In the instant case, it is clear from the trial court's reasons that in determining the sufficiency of the Association's petition, the trial court relied upon extraneous evidence, by considering portions of the "Articles of Amendment to the Articles of Incorporation" of Woodland Ridge Improvement and Garden Club Corporation. There is nothing in the record before us to suggest that plaintiff acquiesced in the enlargement of its petition filed herein; nor do defendants assert that this evidence was admitted without objection. Rather, defendants argue that *511 the Association's petition incorporated the "Articles of Amendment" by referring to the amendments in paragraph ten of the petition, which defendants claim, resulted in the amendment being "attached by reference" to the petition. Thus, defendants contend, as an "attached document" the amendment was properly considered by the trial court in ruling on defendants' exception of no cause of action.
In support of their position, defendants rely on Marchand v. Estate of Logo, 354 So.2d 576, 579 (La.App. 4th Cir.1977), writs denied 355 So.2d 255, 256 (La.), cert. denied, 436 U.S. 918, 98 S.Ct. 2263, 56 L.Ed.2d 758 (1978). In Marchand, the Fourth Circuit Court of Appeal considered certain acts of sale "incorporated by reference in the pleadings" in reviewing whether the plaintiff's petition stated a cause of action. Marchand, 354 So.2d at 579. Under the interpretation of Marchand urged by defendants, the language "incorporated by reference" would mean that the mere mention of any document in a petition would result in that document being considered an attachment to the petition. We find no merit in this argument.
In Marchand, the Fourth Circuit correctly set forth the law with regard to the exception of no cause of action, stating that "[t]he issue on the exception of no cause of action is whether the petition and attached exhibits present a case legally entitling plaintiff to the redress sought." Marchand, 354 So.2d at 579. (Emphasis added.) Thus, we do not believe the Fourth Circuit, in stating that the acts of sale were "incorporated by reference in the pleadings," considered exhibits which were not attached to the petition.
However, if the Fourth Circuit did consider documents not annexed to the petition, we decline to follow Marchand. As stated above, no evidence may be introduced at the hearing on an exception of no cause of action. This court has held that the only documentary evidence that may be considered is that which has been annexed to the petition, unless the extraneous evidence is admitted without objection to enlarge the pleadings. See Hunt v. Milton J. Womack, Inc., 616 So.2d 759, 760 (La.App. 1st Cir.), writ denied, 623 So.2d 1309 (La.1993); City National, Bank of Baton Rouge, 599 So.2d at 789; Persilver v. Louisiana Department of Transportation, 592 So.2d at 1347.
The amendment to the articles of incorporation was not attached to the Association's petition, and mere reference in the petition to the passage of by-laws and amendments by the Association did not sanction introduction of evidence, relating to portions of the amendments, at the hearing on the exception. The fact that the "Articles of Amendment" were first made a part of the record when introduced at the hearing establishes that this document was not annexed to the Association's petition. We conclude that the trial court erred in considering this evidence in ruling on defendant's peremptory exception raising the objection of no cause of action. Moreover, considering the Association's petition alone, we conclude that the petition sets forth a cause of action.
Building restrictions are charges imposed by the owner of an immovable in pursuance of a general plan governing building standards, specified uses, and improvements. LSA-C.C. art. 775; Lake Terrace Property Owners Association v. City of New Orleans, 567 So.2d 69, 74 (La.1990). Restrictive covenants may impose affirmative duties on the landowner where they are reasonable and necessary for the maintenance of the general plan. LSA-C.C. art. 778; See LaRue v. Crown Zellerbach Corporation, 512 So.2d 862, 864 (La.App. 1st Cir.), writ denied, 514 So.2d 1176 (La.1987). In the case of building restrictions imposed upon a subdivision, the restrictions may be likened to a contract amongst the property owners and the developer. Village Square Shopping Center Association v. Nelson, 522 So.2d 163, 165 (La.App. 4th Cir.), writ denied, 526 So.2d 793 (La.1988). Thus, to state a cause of action against defendants, Woodland Ridge Association must allege that: (1) the lots in Woodland Ridge Subdivision were sold subject to a restrictive covenant providing for an annual assessment of dues against each lot and (2) defendants have violated this restrictive covenant.
In its petition, Woodland Ridge Association alleges, in pertinent part:

*512 II.
What is now known as Woodland Ridge Subdivision began developing in about November of 1966. It consisted of 74 Lots which were designated as the "First Filing."
III.
There were several advantages commending this subdivision to the home owning public. One was a very attractive entrance that included a long, wide boulevard which could accommodate four lanes of traffic. Another was a set of restrictive covenants requiring all of the houses in the subdivision to be of certain minimum sizes, specific set backs from the street to encourage beautiful yards, requirements as to the type of construction and out buildings that were permitted, and a formal prescribed organization for keeping the boulevard and common areas attractive and appealing.
IV.
The covenants also provided for a means of financing the efforts to be shared by the residents.
V.
Since then, Woodland Ridge has continued to grow through additional filings with each subsequent filing having a similar set of restrictions, covenants, and body for seeing that the maintenance and integrity of the subdivision remained in place.
VI.
The defendants reside in the Seventh Filing of Woodland Ridge Subdivision.
* * * * * *
XIII.
The Woodland Ridge Association, through its voluntary board of directors and officers, has, to a large extent, been responsible for the cleanliness, maintenance, and quality of the subdivision and its environment.
* * * * * *
XVIII.
The designated method for covering these costs is the annual payment of "dues."
XIX.
The restrictive covenants call these an annual assessment.
* * * * * *
XXIV.
Mr. and Mrs. Cangelosi, the defendants herein, have chosen not to pay, while they have received the benefits provided by the association.
(Emphasis added.)
Accepting these allegations as true, we find that Woodland Ridge Association has set forth a cause of action against defendants for violation of a restrictive covenant. Therefore, the judgment of the trial court maintaining defendants' exception must be reversed.

RECUSATION
Woodland Ridge Association also contends that the trial judge should have recused himself from these proceedings because of his alleged personal bias and requests that this court order such recusation. The record before us shows that plaintiff failed to file a written motion, assigning the ground for recusation, either prior to the hearing or prior to judgment, as required by LSA-C.C.P. art. 154. Accordingly, there is nothing presented for our review. See In re Anderson, 496 So.2d 568, 571 (La.App. 1st Cir.1986); Love v. Baden, 478 So.2d 1008, 1011 (La.App. 3rd Cir.1985).

CONCLUSION
For the foregoing reasons, the judgment of the trial court maintaining defendants' exception raising the objection of no cause of action and dismissing plaintiff's case with prejudice is reversed. The matter is remanded for further proceedings consistent with the views expressed herein. Costs of *513 this appeal are assessed against defendants, Paul and Terry Cangelosi.
REVERSED AND REMANDED.
LeBLANC, J., adds additional reasons.
FOGG, J., concurs for additional reasons written by LeBLANC, J.
LeBLANC, Judge (concurring).
I agree with the majority decision but write separately to state clearly my opinion concerning the recusation issue. The briefs which were submitted in this case contained material unquestionably outside the record. The assertions made to this court concerning the alleged personal bias of the trial judge were unsupported and unproven by the evidence presented at trial. The procedural vehicle available for the recusation of a judge is both well established and uncomplicated. To attempt to demonstrate bias, prejudice, or interest by such a display as in this case seeks to turn this procedure into a spectacle.
NOTES
[1] One of the effects of the "Articles of Amendment to the Articles of Incorporation" was to change the corporate name from Woodland Ridge Improvement and Garden Club Corporation to Woodland Ridge Association.